**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2011

Lyle W. Cayce
Clerk

No. 11-40392
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIER VALDES-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1140-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Valdes-Rodriguez appeals the 41-month sentence imposed following his guilty plea conviction for illegal reentry. He argues that his within-guidelines sentence is procedurally and substantively unreasonable.

In reviewing the sentence imposed for reasonableness, this court must first determine whether the district court committed any procedural errors, including, inter alia, "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the district court's decision is procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* A sentence that falls within the applicable guidelines range "is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) (upholding the application of the presumption of reasonableness to sentences within a properly calculated guidelines range).

We turn first to the issue of procedural unreasonableness. Because Valdes-Rodriguez's general objection to "the reasonableness of the sentence" did not sufficiently raise below his argument that the district court failed to explain adequately the sentence imposed, we review the issue for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Valdes-Rodriguez concedes that circuit precedent requires application of the plain error standard to his claim that his sentence was procedurally unreasonable, and he "preserves for possible further review his position that his inadequate-explanation claim should not be subject to plain-error review."

We have found a sentence explanation similar to that given in this case to be error that was plain or obvious. *Mondragon-Santiago*, 564 F.3d at 364. It is Valdes-Rodriguez's burden to show that this error affected his substantial rights, *id.*, that is, "that an explanation would have changed his sentence," *id.* at 365. The record shows that the district court considered Valdes-Rodriguez's arguments for a downward departure based on cultural assimilation, the age of his prior conviction, and his work and family history. The court noted that it was persuaded by those arguments to impose a sentence at the bottom of the guidelines range, rather than at the top, as it had intended. The sentence imposed was within the advisory guidelines range, and this court "infer[s] that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in [18 U.S.C.] § 3553(a)." *Mondragon-Santiago*, 564 F.3d at 365 (quotation marks and citation omitted). Valdes-Rodriguez has not met his burden of showing that an

explanation of the sentence imposed would have changed his sentence and, thus, he has not shown that his substantial rights were affected by the district court's failure to adequately explain the sentence. *See id.*

Valdes-Rodriguez also asserts that the inadequate explanation affects his substantial rights because it prohibits meaningful appellate review. He acknowledges that this argument is foreclosed by *Mondragon-Santiago*, 564 F.3d at 364-65, but preserves it for further review.

We next turn to Valdes-Rodriguez's claim that the sentence imposed by the district court was substantively unreasonable. It is not clear whether Valdes-Rodriguez's general objection to the reasonableness of the sentence was sufficient to alert the district court to his disagreement with the substantive reasonableness of the sentence. However, because Valdes-Rodriguez cannot prevail even under the less deferential standard of review for abuse of discretion, it is unnecessary to decide which standard of review applies. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

He contends that his within-guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2, upon which his sentence is based, is penologically flawed and not the result of empirical evidence or study. This argument is foreclosed by circuit precedent. *See United States v. Rodriguez*, ___ F.3d ___, 2011 WL 4640871, *1 (5th Cir. 2011). Valdes-Rodriguez preserves this issue for possible further review.

Citing *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-58 (9th Cir. 2009), Valdes-Rodriguez argues that his sentence based on his "stale" 1995 conviction of a drug trafficking offense was excessive. We have rejected the reasoning of *Amezcua-Vasquez* and held "that the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *Rodriguez*, ___ F.3d ___, 2011 WL 4640871, *3.

Valdes-Rodriguez also argues that his sentence is unreasonable because he is actually eligible for a downward departure based on his cultural assimilation, an encouraged ground of departure, and that the sentence fails to take into consideration individual circumstances of the defendant or the offense. Although cultural assimilation can be a mitigating factor and form the basis for a downward departure, *see* § 2L1.2, comment. (n. 8), nothing requires "that a sentencing court must accord it dispositive weight," *United States v. Lopez–Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Moreover, we lack jurisdiction to review the denial of the downward departure for substantive unreasonableness because there is no indication that the district court held a mistaken belief that the Guidelines do not give it the authority to depart. *See United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006); *United States v. Lucas*, 516 F.3d 316, 350-51 (5th Cir. 2008) (citing *Sam* in a decision after *Gall*). Further, the district court, after considering Valdes-Rodriguez's request for a downward departure, which included the fact that Valdes-Rodriguez came to the United States when he was 6 years old and that his family resides in the United States, denied it. The court determined that a sentence at the bottom of the guidelines range was appropriate.

"[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Valdes-Rodriguez has not shown that his sentence was substantively unreasonable, *see Gall*, 552 U.S. at 51, nor has he rebutted the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

The district court's judgment is AFFIRMED.