**UNITED STATES of America,
Appellee,**

v.

**Scott A. CIAPPETTA, also known as
Steven Stiles, also known as Steven
Markowitz, Defendant–Appellant.**

**No. 07–1606–cr.**

United States Court of Appeals,
Second Circuit.

July 23, 2008.

Michael S. McGarry, Assistant United States Attorney (Sandra S. Glover, on the brief), for Nora R. Dannehy, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Robert Berke (Daniel S. Berke, on the brief), Law Office of Robert Berke, Bridgeport, CT, for Appellant.

Present: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Scott Ciappetta appeals from a judgment entered on April 16, 2007, in the United States District Court for the District of Connecticut (Janet C. Hall, *J.*), sentencing him, on his plea of guilty, to 100 months' imprisonment to be followed by 3 years' supervised release.[1] Ciappetta was charged with, and pleaded guilty to, securities fraud in violation of 15 U.S.C. §§ 77q(a) & 77x, and conspiracy in violation of 18 U.S.C. § 371, both stemming from his participation in a "boiler-room" securities fraud conspiracy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Ciappetta argues that the district court's below-Guidelines sentence was unreasonable because: (1) it created an unwarranted sentencing disparity between Ciappetta and his co-defendant, Digby Ferrera, *see* 18 U.S.C. § 3553(a)(6); and (2) the district court failed to adequately evaluate and consider the policy considerations of 18 U.S.C. § 3553(a), gave undue weight to the § 3553(a) factor of general deterrence, and did not adequately consider Ciappetta's unique personal circumstances.

We review a sentence for reasonableness, a standard which "does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). In determining "whether a sentence is reasonable, [the Court] ought to consider whether the sentencing judge 'exceeded the bounds of allowable discretion[,] ... committed an error of law ... or made a clearly erroneous finding of fact.'" *Id.* (citing *United States*

*v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005)). Further, "the abuse-of-discretion standard of review applies to appellate review of all sentencing decisions—whether inside or outside the Guidelines range." *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007).

Ciappetta's first claim—that the district court failed to explain how Ciappetta engaged in more culpable conduct than one of his co-defendants—is reviewed for plain error because Ciappetta did not object to the district court's explanation of its sentence below. *See United States v. Villafuerte,* 502 F.3d 204, 211 (2d Cir.2007) ("We now hold that plain error analysis in full rigor applies to unpreserved claims that a district court failed to comply with § 3553(c)."). The district court more than adequately explained its sentence. Specifically, the court explained why it found Ciappetta to be more culpable and that, due to this greater culpability, he should receive a greater sentence. Furthermore, even after finding Ciappetta to be more culpable, the court mitigated any potential disparity by imposing a below-Guidelines sentence. In sum, the district court's explanation was sufficient for the below-Guidelines sentence imposed.

Ciappetta's related argument—that the district court misapplied the law by relying upon a co-defendant's drug use as a factor for determining relative levels of culpability and using this factor to justify more prison time for Ciappetta—also lacks merit. Ciappetta cites no authority in support of his position, and the record demonstrates that the district court sought to impose fair and appropriate sentences on each of the individual defendants. The court requested extensive briefing on the

---

1. The term of 100 months' imprisonment was 20 months below the applicable Guidelines range.

matter and, after review, found Ciappetta to be more culpable. Further, the particular sentencing factors of Ciappetta's co-defendants are only relevant to him insofar as they relate to § 3553(a)(6), and in that regard Ciappetta cannot claim prejudice because he benefited from their lower sentences.

Finally, Ciappetta argues that the district court gave undue weight to the § 3553(a) factor of general deterrence and inadequate weight to Ciappetta's personal characteristics. Ciappetta does not contend that the court failed to consider a specific factor, or that it did not understand its obligation to do so; he simply questions the relative weight given to certain factors and invites this Court to re-weigh those factors on appeal. It is clear, however, that "[w]hile a district court must consider each § 3553(a) factor in imposing a sentence, the weight given to any single factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review.'" *United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir.2007) (per curiam) (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006)). Accordingly, we refuse to review the district court's weighing of the individual § 3553(a) factors.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**