NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3825
_____

UNITED STATES OF AMERICA

v.

LESTER ROBERTS,
Appellant
_____

On Appeal from the District Court
of the United States Virgin Islands
District Court  No. 1-08-cr-00012-002
District Judge: The Honorable Raymond L. Finch

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 16, 2010

Before: McKee, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*

(Filed: December 17, 2010)

_____

OPINION
_____

SMITH, *Circuit Judge.*

On May 20, 2008, a grand jury returned a three-count indictment in the

District Court of the Virgin Islands against Lester Roberts, Keino Armstrong, and

1

Mario Robles, charging them with violations of the Controlled Substances Act. On April 7, 2009, each of the defendants pleaded guilty to count two of the indictment, which alleged that they aided and abetted the knowing and intentional manufacture of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2. Thereafter, the District Court sentenced Roberts to 24 months of imprisonment, the low end of the guideline range, and four years of supervised release. Armstrong and Robles received variances from the guideline ranges of 24 to 30 months and were sentenced to four years of probation. Roberts filed this timely appeal.[1]

Roberts asserts that the disparity between his custodial sentence and that of his co-defendants violates his rights to due process and equal protection under the Fifth Amendment to the United States Constitution.[2] In the absence of any evidence to suggest that the disparate sentences were based on an impermissible factor such as race or gender, Roberts must show at the very least that he was similarly situated to Armstrong and Robles. *United States v. Armstrong*, 517 U.S.

---

[1] The District Court exercised jurisdiction under 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Although Roberts, in his plea agreement, "knowingly waive[d] the right to appeal any sentence within the maximum provided in the statute . . . or on any ground whatever[,]" the government has not invoked the appellate waiver. For that reason, we proceed to address the issue presented by Roberts' appeal. *See United States v. Goodson*, 544 F.3d 529, 535 (3d Cir. 2008).
[2] Because Roberts contends that the District Court violated his constitutional rights, we exercise plenary review. *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004).

456, 464-65 (1996) (instructing that the standard for an equal protection claim alleging selective prosecution requires that the defendant demonstrate that a similarly situated individual of another protected class was not prosecuted); *United States v. Pierce*, 400 F.3d 176, 183 (4th Cir. 2005) (declaring that "[a] criminal sentence violates the Equal Protection Clause only if it reflects disparate treatment of similarly situated defendants lacking any rational basis"); *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 43 (3d Cir. 1984) (stating that habeas petitioner's "contention that gross disparity in sentences violate[d] due process or equal protection lack[ed] merit" as petitioner did not contend that sentencing was the result of discrimination based on an impermissible factor).

Here, the record confirms that Roberts was not similarly situated with Armstrong and Robles. Roberts, in contrast to his co-defendants, had difficulty complying with the conditions of his release prior to sentencing. He tested positive for the use of marijuana on more than one occasion. In addition, he possessed a firearm on two occasions, resulting in charges being filed for violating the Virgin Islands Criminal Code. Furthermore, the record confirms that, unlike Roberts, his co-defendants had families that relied upon them for financial support and that both co-defendants were gainfully employed. Accordingly, we conclude that Roberts' argument that he is similarly situated to his codefendants lacks merit. We will affirm the judgment of the District Court.