**KAREEM JAMAL BROWN, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2011-0022

Supreme Court of the Virgin Islands

May 24, 2012

GAYLIN VOGEL, ESQ., Hodge & Francois, St. Thomas, USVI, *Attorney for Appellant.*

JULIE ANN MEADE, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and CARROLL III, *Designated Justice.*[1] CARROLL, *Designated Justice*, concurring.

## OPINION OF THE COURT

(May 24; 2012)

HODGE, *Chief Justice*. Kareem Jamal Brown appeals from the Superior Court's March 10, 2011 Judgment and Commitment, which sentenced him to ten years of incarceration for voluntary manslaughter as a result of his guilty plea. For the reasons that follow, we will affirm the Superior Court's Judgment.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

This matter originated when the People of the Virgin Islands charged Brown and his co-defendant, Keelo Jacobs, with numerous offenses, including first degree murder, stemming from the September 12, 2005 death of Jahleel Halliday during a fight at a retail shoe store on St. Thomas. Prior to trial, the People offered both defendants the opportunity to plead to the charge of voluntary manslaughter. Brown rejected the offer and elected to proceed to trial while Jacobs accepted the plea offer and pled guilty to voluntary manslaughter in exchange for a recommended maximum sentence of seven and one-half years of incarceration, and his promise to testify against Brown during his March 25-28, 2008 trial. Although Jacobs testified that Brown had suddenly stabbed Halliday three times with a knife, every other individual who witnessed the incident testified at trial that Jacobs stabbed Halliday, and the People had proceeded under a theory that Brown had aided and abetted Jacobs by

---

[1] Associate Justice Ive Arlington Swan has been recused from this matter. The Honorable James S. Carroll III sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

providing him with the knife. The jury found Brown guilty of all charges, and the Superior Court ultimately sentenced Brown to life imprisonment for first degree murder. Jacobs was subsequently sentenced to five years incarceration on his plea to voluntary manslaughter.

When Brown appealed his convictions to this Court, it ordered a new trial on the basis that the Superior Court erroneously admitted improper character evidence that affected the fairness of his trial. *See Brown v. People*, 54 V.I. 496, 516 (V.I. 2010). But on remand, rather than proceeding with a new trial, Brown entered into a plea agreement with the People, in which he agreed to plead guilty to voluntary manslaughter as an aider and abettor. However, at the March 3, 2011 sentencing, counsel for the People contended, based solely on Jacob's testimony, that Brown had been the primary aggressor and should receive the maximum sentence of ten years of incarceration, notwithstanding the fact that, at the February 4, 2011 change of plea hearing, Brown had participated in an allocution under oath as an aider and abettor. Ultimately, the Superior Court orally imposed the maximum sentence of ten years incarceration, and memorialized its decision in a Judgment and Commitment signed on March 9, 2011 and entered on March 10, 2011. The Superior Court, however, did not explain on the record its reasons for sentencing Brown to a significantly longer period of incarceration than Jacobs. Brown timely filed his notice of appeal on March 8, 2011.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). An order is considered to be "final" for purposes of this statute if it "ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment." *Williams v. People*, 55 V.I. 721, 727 (V.I. 2011). Because the Superior Court's March 10, 2011 Judgment and Commitment is a final judgment, we have jurisdiction over Brown's appeal. *See, e.g., Browne v. People*, S. Ct. Crim. No. 2010-0069, 2012 V.I. Supreme LEXIS 9, at *6 (V.I. Feb. 2, 2012) (in a criminal case, written judgment embodying the adjudication of guilt and the sentence imposed based on that adjudication constitutes a final judgment for purposes of 4 V.I.C.

§ 32(a)); *Melendez v. People*, S. Ct. Crim. No. 2010-0071, 2012 V.I. Supreme LEXIS 8, at *6 (V.I. Feb. 2, 2012) (same).

■ "Generally, this Court will not review a sentence which falls within the bounds prescribed by the applicable statute. In that regard, the trial court's sentencing determination will be interfered with only upon a showing of illegality or abuse of discretion." *Cheatham v. People*, S.Ct. Crim. No. 2008-0026, 2009 V.I. Supreme LEXIS 22, at *4 (V.I. 2009) (unpublished) (quoting *Warner v. Gov't of the V.I.*, 332 F. Supp. 2d 808, 810, 46 V.I. 251 (D.V.I. App. Div. 2004)). Nevertheless, when a criminal defendant fails to object to a Superior Court decision or order, this Court ordinarily only reviews for plain error, provided that the challenge has been forfeited rather than waived. *Francis v. People*, 52 V.I. 381, 390 (V.I. 2009).

We note that the parties disagree as to the appropriate standard of review for the sole issue that is the subject of this appeal: whether the Superior Court sufficiently explained the sentencing disparity between Brown and Jacobs. According to the People, plain error review is warranted because neither Brown nor his counsel objected to the sentence on any ground after it was announced. (Appellee's Br. 10.) Brown, however, argues that he never possessed an opportunity to object because the Superior Court purportedly immediately "ended [Brown's] sentencing hearing after it pronounced the sentence." (Reply Br. 5.)

■ We agree with the People that plain error review is warranted. Despite Brown's claim that the Superior Court abruptly ended the sentencing hearing, the matter did not adjourn until Brown's counsel asked, "Your Honor, may I please be excused?" (J.A. 68.) In addition, there is absolutely no indication that, had Brown's counsel brought any issues to the Superior Court's attention instead of requesting an adjournment, the judge would have nevertheless proceeded to terminate the hearing instead of addressing those issues on the merits. Moreover, even if Brown's counsel did not recognize the Superior Court's error until after the hearing adjourned, it is not clear why Brown could not have filed a written motion to correct or reduce his sentence pursuant to Superior Court Rule 136. Therefore, we review the sole issue on appeal only for plain error, since Brown possessed an opportunity to request the Superior

699

Court to further explain the reasons for its sentence,[2] but failed to do so.[3] *See* V.I.S.CT.R. 22(m) ("Issues that were . . . not raised or objected to before the Superior Court . . . are deemed waived for purposes of appeal, except that the Supreme Court, at its option, may notice an error not presented that affects substantial rights.").

## B. Failure to Explain Sentencing Disparity

Brown, for his sole issue on appeal, argues that the Superior Court erred when it disparately sentenced Brown and Jacobs for the same offense — voluntary manslaughter — without explaining, on the record, why Brown received a substantially greater sentence. Specifically, Brown contends that such an explanation was necessary because there is

---

[2] *See United States v. Rivera-Hidalgo*, 458 Fed. Appx. 449, 452-53 (6th Cir. 2012) (reviewing, for plain error, claim that trial court failed to adequately explain apparent inconsistency in sentence); *United States v. Valdes-Rodriguez*, 455 Fed. Appx. 494, 495-96 (5th Cir. 2011) ("Because Valdes-Rodriguez's general objection to 'the reasonableness of the sentence' did not sufficiently raise below his argument that the district court failed to explain adequately the sentence imposed, we review the issue for plain error."); *United States v. Burrell*, 622 F.3d 961, 965 (8th Cir. 2010) ("Indeed, an argument that a district court failed to explain a sentence must be reviewed for plain error if it was not raised to the district court 'at the time of sentencing.' ") (quoting *United States v. Statman*, 604 F.3d 529, 534 (8th Cir. 2010)); *United States v. Ciappetta*, 284 Fed. Appx. 854, 855 (2d Cir. 2008) ("Ciappetta's first claim — that the district court failed to explain how Ciappetta engaged in more culpable conduct than one of his co-defendants — is reviewed for plain error because Ciappetta did not object to the district court's explanation of its sentence below.") (citing *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007)); *United States v. Romero*, 491 F.3d 1173, 1176-77 (10th Cir. 2007) (holding that plain error review is used for unpreserved challenges to the method by which the trial court arrived at a sentence, including arguments that the sentencing court failed to explain adequately the sentence imposed).

[3] The concurrence argues that Brown, through his counsel, "directly involved the trial court that [he] should not be given a punishment that is harsher than the punishment imposed on Jacobs," and that this statement "was sufficient to preserve Brown's issue on appeal." (Con. Op. 4.) We emphasize, as Brown does in both his principal and reply briefs, that the issue before this Court is not whether the Superior Court committed error by imposing a disparate sentence. Rather, the sole issue Brown raises on appeal is whether the Superior Court erred when it failed to explain, on the record, the reasons for the sentence disparity. Importantly, Brown never argued — whether at the sentencing hearing itself, or in a subsequent motion — that the reasons given for the disparate sentence were insufficient. While Brown's counsel argued that "Mr. Brown *should not* be given a punishment more than Mr. Jacobs because it was actually Mr. Jacobs who did the stabbing," (J.A. 60 (emphasis added)), at no point did Brown inform the Superior Court — either through argument or citation to any legal authority — that it *could not* impose a harsher punishment without justifying the disparate sentence on the record.

absolutely nothing in the record to justify such a large disparity, given (1) Brown's lack of prior convictions, (2) that every witness, other than Jacobs himself, testified that it was Jacobs and not Brown who stabbed Halliday, and (3) the concerns about "clique" and "gang" activity in the community, as well as the impact of Halliday's death on his family, applied equally to both Brown and Jacobs. According to Brown, the only possible explanations for the disparity are a desire to punish Brown for exercising his right to proceed to trial and to appeal his original murder conviction, or to enhance his sentence to respond to increased clique or gang-related activity, committed by unrelated third parties, that occurred during the three-year period between his and Jacobs's respective sentencing hearings.

■ For this Court to reverse the Superior Court under the plain error standard of review, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' " *Francis*, 52 V.I. at 390 (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997)). However, even "[i]f all three conditions are met," this Court may reverse the Superior Court "only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 390-91. The defendant bears the burden of establishing the existence of plain error. *See United States v. Olano*, 507 U.S. 725, 734-735, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993); *United States v. Guadalupe*, 402 F.3d 409, 410 n.1 (3d Cir. 2005) (same); *Nanton v. People*, 52 V.I. 466, 491 (V.I. 2009) (Hodge, C.J., concurring in part and dissenting in part) (same).

■ We find that the first and second prongs of the plain error test are met. Although the People are correct that it is "exceedingly rare" that a sentence will be overturned on appeal due to sentencing disparities between co-defendants,[4] *see Hutto v. Davis*, 454 U.S. 370, 374, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982), it was well established, at the time the Superior Court sentenced Brown, that a sentencing disparity premised on the fact that one defendant exercised a constitutional right — such as the

---

[4] We note that both Brown and the People, in their respective briefs, cite to numerous federal appellate court decisions interpreting the Federal Sentencing Guidelines and similar federal authorities. Such federal authorities, however, are not applicable to Virgin Islands local courts, and thus case law interpreting 18 U.S.C. § 3553 and similar provisions provide both this Court and the Superior Court with little to no guidance.

right to proceed to trial — represents an error of a constitutional magnitude that, if preserved, mandates resentencing as a remedy.[5] *See Gov't of the V.I. v. Walker*, 261 F.3d 370, 376 (3d Cir. 2001); *see also United States v. Roberts*, 404 Fed. Appx. 624, 625 (3d Cir. 2010) (summarizing instances in which sentencing disparities between co-defendants will warrant reversal). Similarly, it was equally well established that, when parties properly raise an issue during the course of Superior Court proceedings, the Superior Court possesses an obligation to explain the reasons for its decision in order to enable effective appellate review by this Court.[6] *See, e.g., Turnbull v. Turnbull*, S.Ct. Civ. No. 2009-0092, 2011 V.I. Supreme LEXIS 4, at *4 (V.I. Mar. 1, 2011) (unpublished); *Spencer v. Navarro*, S. Ct. Civ. No. 2007-0069, 2008 V.I. Supreme LEXIS 18, at *7-8 (V.I. June 27, 2008) (unpublished).

In this case, counsel for both Brown and the People repeatedly referenced Jacobs's sentence during their arguments at the sentencing hearing, with Brown's counsel arguing that "Mr. Brown should not be given a punishment more than Mr. Jacobs because it was actually Mr. Jacobs who did the stabbing," (J.A. 60), while the People contended that Brown should receive a greater sentence than Jacobs based on Jacobs's trial testimony that Brown had stabbed Halliday and that Brown had received a "major break" by avoiding life imprisonment. (J.A. 55-56.) The Superior Court, however, never mentioned Jacobs's sentence in its explanation of Brown's sentence, did not resolve the parties' competing claims as to whether Brown or Jacobs had been the primary aggressor, and did not acknowledge the People's request to impose a greater

---

[5] Moreover, appellate courts in other jurisdictions have also required trial courts to explain the basis for a sentencing disparity on the record. *See, e.g., United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006); *State v. Bailey*, 251 Kan. 527, 834 P.2d 1353, 1356 (Kan. 1992); *State v. Roach*, 146 N.J. 208, 680 A.2d 634, 646 (N.J. 1996); *Commonwealth v. Cleveland*, 703 A.2d 1046, 1048 (Pa. Super. Ct. 1997). Importantly, this had been the practice in some federal courts even before the federal Sentencing Guidelines mandated such explanations in order to maintain the appearance of judicial impartiality and protect defendants from retaliatory sentencing. *See United States v. Hall*, 778 F.2d 1427, 1428-29 (9th Cir. 1985) (collecting cases and discussing *United States v. Capriola*, 537 F.2d 319, 321 (9th Cir. 1976)).

[6] The concurrence correctly recognizes that 18 U.S.C. § 3553(c) is not applicable to proceedings in the Superior Court. However, as noted above, we do not rely on this federal statute for our holding that the Superior Court erred when it failed to explain the reasons for its sentence. Rather, we base our holding on our prior precedents that the Superior Court must, as a general matter, explain the reasons for its decisions so that this Court can review the decision on appeal.

sentence as a result of Brown receiving a "major break," even though imposing a greater sentence solely because Brown had successfully appealed his murder conviction or otherwise exercised his constitutional rights would be unlawful under *Walker*. Significantly, the only reasons given in support of the ten-year sentence — the impact on Halliday's family and the community — applied with equal force to both Brown and Jacobs. Thus, the Superior Court effectively made it impossible for Brown to challenge — whether pursuant to *Walker* or some other authority — the disparate sentence on appeal by failing to comply with *Turnbull, Navarro*, and similar precedents that were in effect at the time of the March 3, 2011 sentencing hearing. *See Murrell v. People*, 54 V.I. 338, 366 (V.I. 2010) (explaining that an error is "plain" only if the error is clear under current law, and thus "there can be no plain error where there is no precedent . . . directly resolving it.") (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003)). Therefore, the first and second prongs of the plain error test have been satisfied.[7]

 Nevertheless, we cannot agree that the Superior Court's failure to state, on the record, its reasons for the sentencing disparity affected Brown's substantial rights. We recognize that Brown, in his appellate brief, heavily emphasizes that he is not requesting that this Court direct the Superior Court to actually impose a lower sentence, but only to explain the reasons for the disparate sentences.[8] But while multiple courts

---

[7] The concurrence erroneously characterizes this Court as holding that the first two prongs of the plain error test are met because the Superior Court issued a disparate sentence due to Brown deciding to proceed to trial. But this is not the egregious error the Superior Court committed; as explained above, the first and second prongs are satisfied *solely* because the Superior Court failed to explain, on the record, the reason for the disparate sentence. As we discuss in our analysis of the third factor, Brown has failed to establish that the Superior Court's failure to explain its decision affected his substantial rights, since there is absolutely no evidence in the record that the Superior Court sentenced Brown more harshly than Jacobs as a result of Brown exercising his right to proceed to trial and to appeal his murder conviction.

[8] In its appellate brief, the People argue that this Court cannot review the instant appeal because Brown has not provided the transcript of Jacobs's sentencing hearing. (Appellee's Br. 6.) However, as noted above, the People misunderstand the impetus behind the instant appeal, for Brown is not arguing that he must receive a lower sentence, but is solely contending that the Superior Court's failure to provide any explanation for the sentencing disparity necessitates a remand so that the Superior Court can state its reasons on the record. Nevertheless, given that our review is for plain error, submission of Jacobs's sentencing transcript could have assisted this Court in evaluating the third prong of the plain error test.

have ordered matters remanded due to a judge's failure to adequately explain a sentence, *see, e.g., United States v. Peters*, 512 F.3d 787, 788-89 (6th Cir. 2008); *United States v. Miranda*, 505 F.3d 785, 796 (7th Cir. 2007); *State v. Marlin*, 2009 N.J. Super. Unpub. LEXIS 88, at *23 (N.J. Super. Ct. App. Div. 2009) (unpublished), in such cases the appellate courts proceeded as if the error had been properly preserved. Notwithstanding the fact that the error is a failure to provide an explanation — rather than the failure to actually impose a lower sentence — courts applying the plain error standard of review have held that the third prong is satisfied only if the defendant can "demonstrate a reasonable probability that his sentence would have been lower had the [trial] court not committed the error." *United States v. Cantu-Ramirez*, 669 F.3d 619, 630 (5th Cir. 2012); *see also United States v. Perazza-Mercado*, 553 F.3d 65, 78 (1st Cir. 2009) ("[T]here is a reasonable probability that the court might not have imposed the prohibition if it had fulfilled its obligation to explain the basis for the condition or at least made sure that the record illuminated the basis for the condition.").

Based on the record before us, we cannot conclude that there is a reasonable probability that the Superior Court, if ordered to explain the sentencing disparity, would ultimately impose a lower sentence. While this Court is highly disturbed that counsel for the People argued that a greater sentence was appropriate because Brown had received a "major break from the system" and had "already gotten his reduction" by having his first degree murder conviction set aside on appeal, (J.A. 55-57), we note that the Superior Court judge stated, on the record at the March 3, 2011 sentencing hearing, that he had encouraged Brown, at his first degree murder sentencing hearing following his jury trial, to appeal his murder conviction to this Court. (J.A. 63-64.) Therefore, although the better practice would have been for the Superior Court to unambiguously reject the People's argument that reversal of Brown's murder conviction by this Court justified imposition of the maximum sentence for voluntary manslaughter, unlike *Walker* and similar cases, the record contains absolutely no indication that the Superior Court imposed the ten-year sentence to punish Brown for exercising any of his constitutional rights. Moreover, while the Superior Court did reference gang activity, it did so only by stating that the stabbing of Halliday was "one of the most significant events that brought home to this community that young people in this community were involved in gangs or cliques, as they were

described during this trial, and that members who had associated themselves with those groups were willing to engage in the most serious of criminal acts over disputes because people were from different neighborhoods or different parts of this Island," (J.A. 66), and thus the record contains no evidence that the Superior Court sought to punish Brown for any crimes committed by third parties during the three years that passed since Jacobs's sentencing hearing.

In addition to the absence of any evidence that the trial judge imposed the ten-year custodial sentence for impermissible reasons, the record is replete with evidence that Brown and Jacobs were not similarly situated. Contrary to Brown's claim that Jacobs is unquestionably the primary aggressor, Jacobs, like Brown, had pled guilty to aiding and abetting voluntary manslaughter — specifically, to aiding and abetting Brown in killing Halliday. (Jacobs Presentence Rep. 3.) Even if we were to assume, without deciding, that the Superior Court, by referencing the fact that "Mr. Brown was adamant in that plea agreement that he had not stabbed Mr. Halliday," (J.A. 65), proceeded under the assumption that Jacobs was the primary aggressor, courts have consistently held that an aider and abettor may receive a greater sentence than the primary aggressor if other considerations are present that warrant a lesser sentence for the primary aggressor, such as cooperation with the government and agreement to testify against the aider and abettor at trial. *See, e.g., United States v. Cirilo-Munoz*, 504 F.3d 106, 141-42 (1st Cir. 2007) (rejecting the argument that a disparity between a sentence of 27 years for a defendant convicted of aiding and abetting, compared to a 17-year sentence for the primary aggressor, was on its face grounds for vacating the longer sentence); *United States v. Cain*, 487 F.3d 1108, 1114-15 (8th Cir. 2007) (upholding as reasonable a sentence twice as long as that received by an allegedly more culpable co-defendant where co-defendant cooperated and testified for the government); *United States v. Ramirez*, 221 Fed. Appx. 883, 887-88 (11th Cir. 2007) (upholding as reasonable a 16-year sentence for a peripheral participant with no criminal history, even though a more central player received a seven-year sentence, where the more central player had assisted the government's investigation); *United States v. Boscarino*, 437 F.3d 634, 637-38 (7th Cir. 2006), *cert. denied*, 551 U.S. 1161, 127 S. Ct. 3041, 168 L. Ed. 2d 755 (2007) (upholding as reasonable a sentence longer than that imposed on co-defendant, even though co-defendant's Sentencing Guidelines range was higher, where that

co-defendant had cooperated with the government). Moreover, if an aider and abettor's "mens rea is more culpable than another's, that person's guilt may be greater even if the other might be deemed the actual perpetrator." *People v. McCoy*, 25 Cal. 4th 1111, 108 Cal. Rptr. 2d 188, 24 P.3d 1210, 1217 (Cal. 2001). Therefore, even if Jacobs stabbed Halliday, the Superior Court could properly find Brown more culpable for Halliday's death given that Brown, knowing that a fight would occur, had made the decision to rush over to the area where he saw the students from an earlier school altercation and to openly bring a knife with him, thus greatly increasing the potential that someone would be seriously hurt or killed during the altercation.

 Likewise, we also cannot conclude that the error in this case affected the fairness, integrity, or public reputation of the proceedings to such an extent that it would warrant this Court exercising its discretion to remand for re-sentencing. The fourth prong of the plain error test is least likely to be satisfied when "a timely objection in the trial court could have eliminated, or substantially ameliorated, any error by means well short of the drastic relief . . . necessary to remedy the error on appeal." *United States v. Promise*, 255 F.3d 150, 194 (4th Cir. 2001) (Motz., J., concurring in part and dissenting in part) (collecting United States Supreme Court cases). Had Brown's counsel simply asked that the Superior Court explain the reasons for the sentencing disparity, rather than request to be excused immediately after the sentence had been announced, it is likely that the Superior Court would have provided an explanation and this entire appeal would have been unnecessary. Similarly, at any point during the pendency of this appeal, Brown could have filed a motion for correction or reduction of sentence pursuant to Superior Court Rule 136, which could have mooted this appeal in the event the Superior Court, upon reviewing the motion, realized its error and requested permission from this Court to issue an explanation. *See* V.I.S.Ct.R. 5(b)(3). In other words, since the error in this case was not only obvious, but could have very easily been resolved at the Superior Court level — yet no attempt was made to do so — we decline to exercise our discretion to remand this matter for re-sentencing even if the third prong of the plain error test had been met.

## III. CONCLUSION

Given the existence of extensive, binding case law establishing (1) that sentence disparities between co-defendants may violate the United States

Constitution or otherwise be illegal if the sentence is imposed to punish a defendant for exercising his constitutional rights, and (2) that trial judges must explain, on the record, their reasons for imposing disparate punishments upon similarly situated defendants, the Superior Court erred when it failed to provide any explanation for the sentencing disparity between Brown and Jacobs. Nevertheless, Brown has not satisfied either the third or fourth prongs of the plain error test, in that he has failed to demonstrate that the Superior Court's error impacted his substantial rights or affected the fairness, integrity, or public reputation of the proceedings. Accordingly, we affirm the March 10, 2011 Judgment and Commitment.

CARROLL, *Designated Justice*, concurring. I agree with the majority that the trial court's sentence should be affirmed. Additionally, I agree that the trial court should exercise caution when sentencing similarly situated co-defendants, and that such sentences should not be disparate absent compelling reasons. However, I write separately, because I neither agree with the standard of review the majority applies, nor some of the analysis used by the majority in reaching their conclusion.

## I. DISCUSSION

While I agree with the majority's determination that Brown's sentence should stand, I am not in agreement with the rationale used in coming to this conclusion. Brown contends on appeal that the maximum sentence of ten years incarceration he received for aiding and abetting voluntary manslaughter was disparately more severe than the sentence received by his co-defendant, Jacobs, who was convicted of the same crime and only sentenced to five years of incarceration. Brown argues that the trial court erred in imposing this sentence because both he and Jacobs had similar criminal and personal backgrounds, and there were no other reasons articulated by the trial court regarding the disparity in sentencing. The majority has determined that since Brown did not object to the disparity in the term of imprisonment, the plain error standard applies to this review, and that utilizing that standard, the sentence must stand.

I disagree with the standard of review used to assess Brown's contentions on appeal, the lack of analysis of the role the individual plea agreements played in the disparity of the sentences, and the lack of analysis as to the authority mandating that the trial court state on the record the reasons for disparity in sentencing between co-defendants.

However, because I agree that the sentence should be affirmed on appeal even utilizing the abuse of discretion standard, I concur in the result.

## 1. Standard of Review

As the majority notes, the parties on appeal disagree as to which standard of review is applicable to the trial court's sentencing. There is inconsistency amongst jurisdictions concerning which standard of review applies to those alleged sentencing errors not preserved at trial. There are at least three categories in which standards of review are applied to sentencing. Some jurisdictions apply the abuse of discretion standard when addressing the substantive reasonableness of a sentence, whereas procedural errors not raised at trial are reviewed for plain error. *See United States. v. Judge*, 649 F.3d 453, 457 (6th Cir. 2011) ("[s]entences are generally reviewed for an abuse of discretion, but where a defendant asserts a procedural error on appeal that was not raised below when prompted by the district court . . . our review is limited to determining whether the sentencing court committed plain error.").[1] Another approach is to apply the plain error standard to all sentencing errors not preserved at trial. *United States. v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

Most importantly, the approach utilized by many courts in jurisdictions, similar to the Virgin Islands, where there are no comprehensive sentencing guidelines is as follows: sentences that fall within the legislatively prescribed range are not reviewable absent a showing of illegality or improper procedure that amounts to abuse of discretion. *See State v. Franklin*, 267 S.C. 240, 226 S.E.2d 896, 898 (S.C. 1976) (holding that an appellate court has no jurisdiction to review a sentence imposed by the trial court that is within the limits prescribed by statute which is not the result of oppression, prejudice, or corrupt motive); *State v. Erickson*, 281 Neb. 31, 793 N.W.2d 155, 160 (Neb. 2011) (holding that "[a] sentence imposed within statutory limits will not be

---

[1] *See also United States. v. Pinto-Padilla*, 315 Fed. Appx. 718, 723 (10th Cir. 2009) ("We do not require a defendant to object to the substantive reasonableness of his sentence to preserve the issue on appeal and, instead, review the length of his sentence for an abuse of discretion") (citing *United States v. Smart*, 518 F.3d 800, 804-06 (10th Cir. 2008)); *United States v. Lindsey*, 339 Fed. Appx. 956, 958-59 (11th Cir. 2009); and *United States v. Reed*, 421 Fed. Appx. 113, 115 (2d Cir. 2011).

disturbed on appeal absent an abuse of discretion by the trial court"); *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18, 21 (W. Va. 2010) (holding that a trial court's sentencing is reviewed under a deferential abuse of discretion standard unless the order violates statutory or constitutional commands). A plethora of state high courts have taken the position that a sentence imposed within statutory limits can only be reviewed for abuse of discretion.[2]

Prior to this Court's obtaining jurisdiction over appeals arising out of the Superior Court, it was held that sentences given by the Superior Court are not reviewable so long as they are not in excess of the range established by the legislature. *Garcia v. Gov't of the V.I.*, 48 V.I. 530, 539 (D.V.I. App. Div. 2006). Generally, the standard for reviewing sentences set by the Superior Court has been that these sentences must stand absent a showing of illegality or improper procedure that amounts to an abuse of discretion. *Id.*[3] While the decisions of the District Court's Appellate division are not binding upon this Court, they provide highly persuasive authority. It would not seem prudent to divert from this standard adopted by the Appellate Division, as it is the standard adopted by the majority of high courts in other jurisdictions that, like the Virgin Islands, have no applicable sentencing guidelines.

### a. The issue of disparity was raised and preserved at trial

Even if the plain error standard of review were applicable in this jurisdiction for un-preserved challenges of sentences that fall within

---

[2] Including but not limited to: *State v. Rupar*, 293 Conn. 489, 978 A.2d 502, 509 (Conn. 2009) (holding that "[a]s long as the sentencing judge has a reasonable, persuasive basis for relying on the information that he uses to fashion his ultimate sentence within the authorized range, there should be no interference with his discretion"); *State v. Adamcik*, 272 P.3d 417, 457 (Idaho 2011) (a sentence within statutory limits that is challenged as excessive is a plea for leniency that the court only reviews for abuse of discretion); *People v. Alexander*, 239 Ill. 2d 205, 940 N.E.2d 1062, 1066, 346 Ill. Dec. 458 (Ill. 2010); *State v. Guidry*, 79 So. 3d 1242, 1244 (La. App. 2011) (a trial court has wide discretion to impose a sentence within the range set by the legislature, and such sentence shall not be set aside absent manifest abuse of discretion); *State v. Blackmon*, 202 N.J. 283, 997 A.2d 194, 202 (N.J. 2010); *State v. Overbey*, 2010 SD 78, 790 N.W.2d 35, 40 (S.D. 2010);.

[3] *See also Salaz v. Gov't of the V.I.*, 49 V.I. 546, 558 (D.V.I. App. Div. 2007); and *Gov't of the V.I. v. Martinez*, 42 V.I. 146, 149 (D.V.I. App. Div. 1999) (holding that "a sentence that falls within statutory limits is presumptively valid and will not be reversed absent a showing of improper procedure or abuse of discretion").

legislative parameters, that standard would still not be applicable to this case, because the issue of disparity was raised before the trial court, and thus preserved. To preserve an issue for appeal, no special words, phrases, or commands are necessary. *See De Laval Turbine, Inc. v. West India Industries, Inc.*, 502 F.2d 259, 271, 11 V.I. 220 (3d Cir. 1974) (there is no "magic word" requirement to preserve an issue on appeal) and *Emenaker v. Peake*, 551 F.3d 1332, 1337 (Fed. Cir. 2008) (the preservation rule "does not demand the incantation of particular words"). What is required is that the trial court be placed on notice of the substantive issue. *See United States v. Russell*, 134 F.3d 171, 179 (3d Cir. 1998) and *Emenaker*, 551 F.3d at 1337.

During Brown's sentencing hearing, defense counsel stated that:

> Mr. Brown should not be given a punishment more than Mr. Jacobs because it was actually Mr. Jacobs who did the stabbing. Mr. Brown served more time than Mr. Jacobs. Mr. Jacobs has been out of jail for almost — for over a year at this point.

(J.A. at 60). Here, defense counsel directly informed the trial court that Brown should not be given a punishment that is harsher than the punishment imposed on Jacobs. Defense counsel's statement to the trial court during sentencing was sufficient to preserve Brown's issue on appeal, because it brought to the trial court's attention that Brown's sentence should not be unreasonably more excessive than Jacob's sentence.

Importantly, while the majority disagrees that the issue was properly preserved at trial, they note that the trial court never tried to reconcile Brown's sentence with Jacob's although "both Brown and the People repeatedly referenced Jacobs's sentence during their arguments at the sentencing hearing." Maj. Op. at 7. This statement implies that the majority acknowledges that the trial court was repeatedly put on notice of the need to not disparately sentence the two defendants. This implication is strengthened by the majority's admonition of the trial court for failure to explain the disparate sentence although Jacobs's sentence was mentioned at numerous times: "It is equally well-established that, when parties properly raise an issue during the course of Superior Court proceedings, the Superior Court possesses an obligation to explain the reasons for its decision in order to enable effective appellate review by this Court." *Id.* There would not be a need for the trial court to explain the

710

reason for the sentencing disparity if the issue of sentencing disparity were not raised, and thus not preserved.[4] Accordingly, because the issue of disparity was clearly raised at trial, the standard of review applicable here would be abuse of discretion, and not the plain error standard.

### b. The plain error standard was incorrectly applied

Notwithstanding the above arguments in favor of the abuse of discretion standard, even if the applicable standard is plain error, I do not agree with the plain error analysis applied by the majority. Under the plain error standard of review, a reversal is proper only where an appellant ·establishes that: 1) there is error, 2) that is plain, and 3) that affects substantial rights. *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011). The majority holds that the first two prongs of the plain error test are met because, at the time of Brown's sentencing, case law precedent had established that sentencing disparity based on one defendant's exercising his constitutional right, such as the right to proceed to trial, represents an error of constitutional magnitude. Maj. Op. at 6-7. This statement undoubtedly concludes that the sentencing disparity between Jacobs and Brown was due to Brown's exercising his right to proceed to trial. However, there is no indication in the record that the trial court premised its sentence on Brown's proceeding to trial.

It was further reasoned that the first two prongs of the plain error test are met because the Superior Court failed to state the reasons for the disparate sentencing on the record. The majority holds that this failure is contrary to "well-established" legal-precedents mandating that the trial court explain the reasons for its decisions in order to enable effective appellate review by this Court. As the majority notes, the trial court explained the reasons for the ten year disparity. Particularly, the trial court

---

[4] I also disagree that Superior Court Rule 136 is consistent with the preservation argument as implied by the majority. See Maj. Op at 4. A defendant's request for reduction of sentence under Rule 136 is essentially a plea for leniency addressed to the sound discretion of the sentencing court. *See Government. v. Santiago*, 27 V.I. 232, 244, 798 F. Supp. 274, 282 (D.V.I. 1992) (citing *Government v. Gereau*, 603 F.2d 438, 443, 16 V.I. 603 (3rd Cir.1979)). Accordingly, Rule 136 gives the trial court an opportunity to determine whether the sentence was too harsh for essentially equitable reasons, but not whether the sentence is excessive as a matter of law. Thus, the filing of a motion under Superior Court Rule 136 should not be considered a test for whether a legal issue relating to an allegedly improper sentence has been properly preserved for appeal.

noted the impact that the crime had on Halliday's family and the community, as well as the findings by this Court that there was overwhelming evidence to support Brown's initial conviction and life sentence.

However, it is not clear why the *general* premise that a court should "explain its reasons for its decisions" leads to the *specific requirement* that a Superior Court judge explain its reasons for disparate sentencing between co-defendants, especially where the disparity in sentencing was not brought to the judge's attention as the majority states. Further, the case law cited does not support the conclusion that the reasons for sentencing disparity between co-defendants must be explicitly stated on the record.[5] Therefore, it is difficult to conclude that this was well-established precedent at the time of Brown's sentencing. *See* Maj. Op. at 7.

The majority states that "when parties properly raise an issue during the course of Superior Court proceedings, the Superior Court possesses an obligation to explain the reasons for its decision." Maj. Op. at 7. While the majority disagrees that the issue of sentencing disparity was preserved at trial, they simultaneously acknowledge that Brown had preserved the issue of the disparity of the sentence by arguing extensively that Brown should not receive a different sentence than his co-defendant. Accordingly, I cannot reconcile the contradictory conclusions that the issue was not raised and preserved at trial (see Maj. Op. 4-5), and that the issue was "properly raise[d] during the course of Superior Court proceedings," thus necessitating explicit reasons from the trial court for disparity. If the issue were, in fact, "properly raise[d] during the course of Superior Court proceedings," then the plain error standard would be inapplicable to this case.

Nonetheless, the abuse of discretion standard would be more appropriate in analyzing the trial court's sentence, because this Court's ability to reverse a sentence within legislative range is limited to a finding of illegality or improper procedure amounting to an abuse of discretion. Further, the issue of disparity was raised and preserved at trial.

---

[5] Both *Turnbull v. Turnbull*, S.Ct. Civ. No. 2009-0092, 2011 V.I. Supreme LEXIS 4 (V.I. Mar. 1, 2011) and *Spencer v. Navarro*, S.Ct. Civ. No. 2007-0069, 2008 V.I. Supreme LEXIS 18 (V.I. June 27, 2008) are civil cases that do not address the issue of criminal sentencing but speak to the necessity of a judge entering sufficient findings of fact and conclusions of law in accordance with the Federal Rules of Civil Procedure.

## 2. The trial court did not abuse its discretion in imposing sentencing

The trial court did not abuse its discretion for a number of reasons. Firstly, there is no binding authority that mandates a Superior Court judge to explicate reasons for giving a sentence within the ranges prescribed by the legislature. The reasons for disparity can be reasonably ascertained from the record in accordance with *Shoy v. People of the Virgin Islands*, 55 V.I. 919, 928 (V.I. 2011) (holding that where the trial court did not explicitly state reasons for rejecting defendant's request for probation in lieu of conviction under V.I. CODE ANN. tit. 5, § 3711(c), the reasons can be reasonably ascertained from the record).[6]

A trial court has broad discretion in fashioning a sentence within legislative parameters, and the kind of information that the trial judge may consider at sentencing is unlimited. *State. v. Franklin*, 267 S.C. 240, 226 S.E.2d 896, 898 (S.C. 1976). The trial court is acting within its discretion when it considers a wide range of factors relating to the defendant's conduct, including but not limited to "the defendant's life, characteristics, and past criminal behavior, even if such behavior did not result in criminal convictions." *Salaz v. Government of the V.I.*, 49 V.I 546, 553 (D.V.I. App. Div. 2007) (citing *United States v. Baird*, 109 F.3d 856, 863 (3d Cir. 1997) (further citations omitted).

During the sentencing hearing, the prosecution brought a number of aggravating factors to the trial court's attention that were ostensibly adduced at trial.[7] For instance, during his allocution, the prosecutor stated that Brown was the ringleader and principal agitator in the stabbing incident. (J.A. at 49). The prosecutor stated that it was Brown that sought out the confrontation with the victim, Halliday, and that he also made threatening gestures and statements to onlookers right after Halliday had been stabbed. The prosecutor further asserted that it was very likely that Brown would have again been found guilty had he been tried a second time due to the overwhelming evidence against him. (*Id* at 57.) Indeed,

---

[6] *See also United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) ("disparate sentences are allowed where the disparity is explicable by the facts on the record") (internal quotation marks and citation omitted); and *State v. Sweat*, 30 Kan. App. 2d 756, 48 P.3d 8, 19-20 (Kan. Ct. App. 2002).

[7] The joint appendix submitted by the parties is scant, and does not contain any trial records from either Brown or Jacobs.

the trial judge noted during sentencing that although this Court overturned Brown's initial conviction, this Court did state in its opinion that there was sufficient evidence in the record to uphold the conviction and the findings of the jury that led to the initial life sentence. (*Id* at 64.)

A defendant's degree of participation in the offense as well as other acts, whether or not charged, are reasonable factors for the trial court to consider in imposing sentence. *See People v. Ralon* 211 Ill. App. 3d 927, 570 N.E.2d 742, 763, 156 Ill. Dec. 266 (Ill. App. Ct. 1991) (when fashioning individual sentences for co-defendants, the trial court may consider the degree of each defendant's participation as well as other factors including rehabilitative potential and background).[8] It would appear from the scant record before the Court that the trial judge agreed with the prosecution over the defense that because of the aggravating factors in Brown's case, it was proper to give him a greater sentence than his co-defendant.

More importantly, there is nothing in the record that supports a conclusion that the trial court was not impartial or that it applied any improper considerations that would amount to an abuse of discretion. A trial court's sentence within statutory limits is presumptively valid. *See Gov't of the V.I. v. Martinez*, 42 V.I. 146, 149 (D.V.I. App. Div. 1999). *See also Jung v. State*, 32 Wis. 2d 541, 145 N.W. 2d 684, 688 (Wis. 1967) (holding that the presumption is that the trial court acted reasonably in sentencing, and that the defendant must show some unreasonable or unjustifiable basis in the record that amounts to an abuse of discretion). Further, a defendant does not have a constitutional right to be equally sentenced with his co-defendant. *See United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010). The mere fact that one defendant receives a substantially longer sentence is not enough, by itself, to establish a

---

[8] *See also State v. Erickson*, 281 Neb. 31, 793 N.W.2d 155, 166 (Neb. 2011) ("The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life"); and *State v. Manywhitehorses*, 2010 MT 225, 358 Mont. 46, 243 P.3d 412, 415 (Mont. 2010) (the trial court may consider numerous factors including character and acts, including those acts dismissed pursuant to a plea bargain).

violation of fundamental fairness and an abuse of judicial discretion. *United States v. Cifuentes*, 863 F.2d 1149, 1150 (3d Cir. 1988).[9]

There is also nothing on the record before us to support a claim that the trial judge harbored some prejudice toward Brown for exercising his right to go to trial, and successfully appealing his initial conviction. In fact, the record demonstrates that the trial court encouraged Brown to appeal his initial conviction due to the magnitude of the sentence. (J.A. at 63). Thus, without more, we cannot assume that Brown's sentence was excessive because the trial court sought to punish Brown for exercising his right to trial, since there is nothing in the record to support such an inference.

### 3. Brown's and Jacobs's sentences were in accordance with valid plea agreements involving assistance by Jacobs in the prosecution

The majority opinion does not acknowledge that Brown and Jacobs were sentenced in accordance with individual plea agreements, nor does it rationalize the implications of individual plea agreements to the need for uniform sentencing between co-defendants. Here, Jacobs' and Brown's sentences arose out of individual plea agreements with the Prosecution. Brown agreed to plead guilty to aiding and abetting voluntary manslaughter and in exchange all other charges against him were dropped. Jacobs accepted a similar agreement in which he would plead guilty to aiding and abetting voluntary manslaughter and in exchange all other charges against him would be dismissed. Also included in Jacobs' agreement, however, was that Jacobs would provide assistance to the prosecution in exchange for a sentencing recommendation by the prosecution of seven and one half years. Brown's plea bargain contained no such agreement. Importantly, neither party challenges the validity of the plea agreements.

I do agree with the majority that trial courts need to be cautious in imposing disparate sentences between similarly situated co-defendants, as this will ultimately lead to more uniformity in sentencing. This holding, however, should not have negative implications on the prosecutor's ability to engage in plea bargaining with individual co-defendants, or the trial court's ability to enforce these agreements.

---

[9] *See also: United States. v. Garcia*, 785 F.2d 214, 227 (8th Cir. 1986); *People v. Ralon*, 211 Ill. App. 3d 927, 570 N.E.2d 742, 763, 156 Ill. Dec. 266 (Ill. Ct. App. 1991).

Moreover, numerous courts have rejected challenges to sentence disparities, when the disparities are a result of a valid plea bargain for government assistance. *United States v. Yeaman*, 248 F.3d 223, 230 (3d Cir. 2001) and *United States v. Johnson*, 679 F.2d 54, 58 (5th Cir. 1982) ("The government is permitted to encourage guilty pleas by offering substantial benefits to a defendant, and Johnson, having rejected the offer of a plea bargain, cannot complain that his co-defendants received the benefit of a lighter sentence").[10] Accordingly, the existence of the individual valid plea agreements further supports a finding that the trial court did not abuse its discretion in disparately sentencing Brown and Jacobs.

### 4. Similarly situated co-defendants should receive similar sentences because such sentences support the fairness and integrity of the judicial system

Finally, the majority implies that sentences between similarly situated co-defendants should not be arbitrarily disparate without providing an analysis as to why this is necessary. It is important to highlight the authority behind this holding, especially where Brown proffered an inapplicable authority as the basis for reversing his sentence on appeal. Brown asserts that the trial court's failure to state on the record the reason for the disparate sentences violated the provisions of 18 U.S.C. § 3553(c). In support of this contention, Brown points to several circuit court cases that mandate the enforcement of this federal statute. E.g., *United States v. Parker*, 462 F.3d 273 (3d Cir. 2006). Brown fails to note, however, and the majority fails to mention that the provisions of 18 U.S.C § 3553(c) are not binding on the Virgin Islands Superior Court.[11] Although there is no binding authority that mandates an explicit explanation for sentencing

---

[10] *See also: Victorino v. State*, 23 So.3d 87, 107 (Fla. 2009); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006) (sentencing disparity based on reward for cooperation is not forbidden); *United States. v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) ("disparity among co-defendants is justified when sentences are dissimilar because of a plea bargain) (internal quotations marks and citation omitted).

[11] *See* 18 U.S.C § 3551(a) which states in pertinent part that "a defendant who has been found guilty of an offense described in any Federal statute, including sections 1153 and 13 of this title, other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter." Brown has not been charged or convicted of an offense under any federal statute.

disparity, Brown is correct in his assertion that sentences between similarly situated co-defendants should not be arbitrarily and unreasonably disparate. *People v. Ralon*, 570 N.E.2d at 763 (Ill. App. 1991). Although Brown has not met his burden to show an abuse of discretion, courts should be mindful against disparately sentencing co-defendants. Co-defendants should not be disparately sentenced, not because of a binding mandate, but because consistency in judicial orders assures the fairness, integrity, and public reputation of the judicial system. *See United States v. Standefer*, 610 F.2d 1076, 1092 (3d Cir. 1979).

## II. CONCLUSION

When the trial court imposes a sentence within legislatively prescribed parameters, the sentence can only be reversed upon a showing of bias, illegality, or some other improper procedure that amounts to an abuse of discretion. Even if sentences within the allowable range can be reviewed only under the plain error standard in the absence of an objection or timely presentation of the issue to the court, in this case, the issue of sentencing disparity was brought to the trial court's attention, and thus preserved for the purposes of appeal.

Brown has not met his burden of demonstrating that the trial court abused its discretion. First, there is nothing in the record that supports a conclusion that the trial court was biased, or imposed a greater sentence on Brown for exercising his right to go to trial. Second, the prosecution articulated reasons in the record that favored a higher sentence for Brown than Jacobs, and the trial court agreed. Finally, Jacobs and Brown were sentenced pursuant to valid, individual plea agreements with the government, where Jacobs bargained for a lesser sentence in return for providing assistance to the prosecution. This is a permissible ground for sentencing disparity, and further demonstrates that there is no abuse of discretion in this case.

Although the disparity in sentencing was justified in this case, the trial courts should exercise caution in disparately sentencing co-defendants, because consistent sentencing amongst equally culpable defendants will ensure the fairness and integrity of the judicial system. Accordingly, for the reasons elucidated above, the trial court's sentence should be affirmed.