**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1706
_____

UNITED STATES OF AMERICA

v.

DANIEL CARINO,
                    Appellant


On Appeal from the District Court
of the Virgin Islands
District Court No. 1-16-cr-00023-001
District Judge: The Honorable Wilma A. Lewis

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2019

Before: SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*

(Filed: December 13, 2019)

_____

OPINION[*]
_____


SMITH, *Chief Judge.*

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A jury convicted Carino of one federal offense, using a firearm during a violent crime, and two Virgin Islands ("V.I.") offenses, attempted murder and assault in the third degree. On appeal of the territorial counts only, Carino claims that the District Court erred by (1) failing to consider, during sentencing, Carino's "substantial assistance" to the F.B.I.; (2) refusing to allow an evidentiary hearing on Carino's "substantial assistance;" and (3) referencing Virgin Islands Superior Court Rule 35 when concluding that additional evidence on "substantial assistance" was unwarranted. Because the District Court acted appropriately, we will affirm.

**I**[2]

Two V.I. Superior Court Rules are relevant in this case: 35 and 134.[3] Rule 134(a) stated that "the court shall afford the defendant or his counsel an opportunity to make a statement in the defendant's behalf and to present any information in mitigation of punishment." V.I. Super. Ct. Rule 134 (2018) (repealed). In contrast, Rule 35 outlines the process by which the government can move to reduce a sentence for "substantial assistance." V.I. Super. Ct. Rule 35 (2019). Rule 35, however, only applies post-

---

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612. This Court has appellate jurisdiction under 28 U.S.C. § 1291. When interpreting V.I. law, we follow the decisions of the territory's highest court. *Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 231 (3d Cir. 2011). Under V.I. law, sentences that fall within the bounds of the applicable statute are generally non-reviewable absent a showing of illegality or abuse of discretion. *Brown v. People*, 56 V.I. 695, 699 (V.I. 2012).

[3] Rule 134 was in effect at the time the crime was committed and throughout conviction and sentencing. The Virgin Islands Supreme Court has since repealed the rule. V.I. Sup. Ct., *In Re Amendments to the Rules Governing the Superior Court of the Virgin Islands*, Promulgation No. 2019-003 (Feb. 15, 2019), http://visupremecourt.org/wfData/files/2019-0003.pdf.

sentencing. *Id.*

Carino contends that the District Court erred by failing to consider his "substantial assistance" during sentencing. The record belies this assertion. Rule 134(a) permitted the introduction of any "mitigating" evidence, including evidence that a defendant willingly gave information to the police. At sentencing, counsel affirmed that Carino voluntarily provided the F.B.I. with information about several unsolved crimes. The District Court considered this voluntary effort as a mitigating factor. The government claimed, however, that the information supplied was of no value, so the Court appropriately exercised its broad discretion in assigning the "mitigating" actions no weight.

## II

Trial counsel also sought to prove, by delving into the specific information divulged, that Carino's actions constituted "substantial assistance." The District Court refused to allow an evidentiary hearing on this issue, concluding that a determination of "substantial assistance" was solely within the prosecutor's discretion absent a showing of bad faith. We discern no error.

Drawing on *United States v. Abuhouran*, 161 F.3d 206 (3d Cir. 1998), there are a number of reasons why it is generally inappropriate for courts to decide whether a defendant rendered "substantial assistance:" (1) second guessing the prosecutor is neither practical nor proper. To determine whether a defendant's cooperation was useful, the Court would be forced "to examine the government's prosecutorial and investigative files

3

thoroughly, including not only the information the defendant has provided, but also any information describing matters related thereto." *Abuhouran*, 161 F.3d at 212; (2) there are no clear standards for valuing the information provided; (3) addressing this issue would force prosecutors to prove *un*substantial assistance; and (4) judicial involvement would incentivize criminal defendants to offer "information"—useful or not—in an attempt to obtain an evidentiary hearing on "substantial assistance."

Additionally, the District Court's reference here to Rule 35 was appropriate. Rule 35 provides for post-sentencing mitigation based on a government motion showing "substantial assistance." V.I. Super. Ct. Rule 35 (2019). Although not controlling in this case, the District Court found Rule 35's deference to the government, which is better equipped to determine the value and usefulness of information, persuasive. We agree. The District Court reasonably considered the spirit of Rule 35, as one of many factors, in holding that it should refrain from hearing additional evidence and determining whether the information supplied constituted "substantial assistance."

## III

The District Court considered, and gave no weight to, Carino's assistance; relied upon counsel's representations rather than holding an evidentiary hearing; and took Rule 35's deference to the government into account. Since the District Court did not abuse its discretion in making these decisions, we will affirm the judgment.

4