NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELLIOT BENDER,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki,**
**SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7175

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-3707, Judge William A. Moorman.

---

Decided: March 12, 2013

---

ELLIOT BENDER, of Las Vegas, Nevada, pro se.

DANIEL RABINOWITZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy

Assistant General Counsel, and JOSHUA P. MAYER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before DYK, MAYER, and MOORE, *Circuit Judges.*

PER CURIAM.

Claimant-Appellant Elliot Bender appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming two decisions of the Board of Veterans' Appeals (Board). *Bender v. Shinseki*, No. 10-3707, 2012 WL 1739713 (Vet. App. May 17, 2012). For the reasons stated below, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Bender served on active duty in the Army from January 1956 to January 1958. While in service, he received treatment for tinea versicolor, "a common, chronic, usually symptomless disorder, characterized by macular patches of various sizes and shapes." A1 n.1 (quoting Dorland's Illustrated Medical Dictionary 1930 (32d ed. 2012)). Upon separation from service, Mr. Bender received a medical examination in which he indicated a history of a skin condition. A clinical evaluation at separation, however, found that Mr. Bender's skin appeared normal.

In November 1958, Mr. Bender filed a claim of entitlement to service connection for his skin condition. The Regional Office (RO) denied his claim (1958 Rating Decision). The RO found no evidence that Mr. Bender had a residual skin condition after his discharge based on a November 1958 statement in which he denied receiving any skin treatment after service. Mr. Bender did not appeal the 1958 Rating Decision, and it became final.

In January 2004, Mr. Bender filed another claim of entitlement to service connection for his on-going skin condition. The RO granted his claim and assigned a 10% disability rating, effective January 6, 2004. Mr. Bender appealed to the Board, asserting clear and unmistakable error (CUE) in the 1958 Rating Decision and seeking an earlier effective date. The Board, however, denied both claims in 2007. This decision became final after the Board denied Mr. Bender's motion for reconsideration.

Mr. Bender then filed a claim with the RO claiming CUE in the 2007 decision, which was denied in 2008. Mr. Bender again appealed to the Board, which issued two decisions in November 2010 (Board's 2010 Decisions). First, the Board found no CUE in its prior 2007 decision. Second, the Board found that Mr. Bender and his representative had withdrawn his claim for an earlier effective date at a hearing before the presiding judge in January 2010.

Mr. Bender appealed to the Veterans Court, which affirmed the Board's decisions. *Bender*, 2012 WL 1739713, at *7. First, the Veterans Court affirmed the Board's 2010 decision finding that there was no CUE in the Board's 2007 Decision because certain allegedly overlooked records about Mr. Bender's skin treatments during service, even if considered, would not have resulted in a "manifestly different" outcome about the absence of evidence of a residual condition after service. *Id.* at *5. Second, the Veterans Court considered Mr. Bender's argument that the 1958 Rating Decision failed to apply the chronic condition provision of 38 C.F.R. § 3.303(b). It determined that the issue was not properly on appeal because Mr. Bender had not raised it below. *Id.* Third, the Veterans Court found no error in the Board's determination that Mr. Bender had withdrawn his appeal of the denial of an earlier effective date. *Id.* at *6. Mr. Bender timely appealed to our court.

DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). We also have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We lack jurisdiction, however, to review a challenge to factual determinations or the application of a law or regulation to particular facts, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Mr. Bender contends that the Veterans Court decision involved the validity or interpretation of a regulation. Appellant's Informal Br. (App. Br.), Resp. No. 2; Reply Br. at 1-3. The only regulation he cites is 38 C.F.R. § 3.303(b), which provides that, "[w]ith chronic disease shown as such in service . . . so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes." Mr. Bender also appears to argue that records of his treatment for skin conditions during service from 1956-1957 establish a chronic condition under § 3.303(b), yet were ignored in prior proceedings. We do not have jurisdiction based on these arguments for two reasons.

First, the Veterans Court did not address § 3.303(b). It found that Mr. Bender made no such arguments before the Board and that it would not address issues raised for the first time on appeal. *Bender*, 2012 WL 1739713, at *5. Accordingly, the Veterans Court did not make a decision

on, or interpret, any aspect of § 3.303(b) in rendering its judgment, as is required to establish our jurisdiction. 38 U.S.C. § 7292(a). Further, "it would be imprudent for us to address the issue without the benefit of its having been properly presented to, and decided by, the Veterans Court." *Emenaker v. Peake*, 551 F.3d 1332, 1339 (Fed. Cir. 2008). Second, the Veterans Court found that evidence regarding Mr. Bender's treatment during service would not have resulted in a "manifestly different" outcome because the original 1958 Rating Decision relied on his recovery after service. 2012 WL 1739713, at *5. Mr. Bender asks us to review how the Veterans Court evaluated facts about his skin condition in applying a regulation, and that is beyond our jurisdiction. *See Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

Mr. Bender next alleges that the VA deprived him of his constitutional rights by requiring him to appoint a representative before adjudicating the 2010 Board proceeding. Reply Br. at 3. We disagree. The VA did not require Mr. Bender to appoint a representative to proceed with his case. *See* Reply Br. at Attachment B. On these facts, we find that Mr. Bender has not raised a constitutional issue. Moreover, the Veterans Court determined that Mr. Bender's claim for an earlier effective date was an improper attempt to overcome the finality of the 1958 Rating Decision. 2012 WL 1739713, at *6. That determination did not hinge on the constitutional issue Mr. Bender alleges.

Finally, Mr. Bender argues that the Board's 2010 Decisions failed to address "new and material evidence," which presumably refers to his in-service medical records. App. Br., Resp. Nos. 4-5. The Veterans Court addressed those records and determined that they would not result in a "manifestly different" outcome. 2012 WL 1739713, at *5-6. That was a factual evaluation that we lack jurisdiction to review. *Conway*, 353 F.3d at 1372.

We have considered Mr. Bender's arguments on appeal, and conclude that they do not present an issue over which we have jurisdiction.

## DISMISSED

### COSTS

No costs.