NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRED B. SCHMIDT, JR.,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2012-7178

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-0877, Chief Judge Bruce E. Kasold.

---

Decided: November 7, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, for claimant-appellant.

DOMENIQUE KIRCHNER, Senior Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. On the brief were STUART F. DELERY, Acting Assistant Attorney General, and JEANNE E. DAVIDSON, Director, and MELISSA M. DEVINE, Trial Attorney. Of

counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————

Before RADER, *Chief Judge,* LOURIE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Fred B. Schmidt, a veteran of the United States Air Force, seeks a March 1970 effective date for his service-connected post-traumatic stress disorder (PTSD). The Board of Veterans' Appeals (Board) denied this effective date. The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board's denial. Because the Veterans Court's decision contains no reversible error, this court affirms.

I.

Mr. Schmidt served on active duty in the United States Air Force from July 1967 to March 1970. He filed an initial claim for disability compensation regarding a chronic nervous condition on March 6, 1970. J.A. 13–14. A Department of Veterans Affairs Regional Office (RO) denied his claim. The Notice letter sent to Mr. Schmidt stated:

> To establish entitlement to this benefit, the evidence must show that you have a disability incurred in or aggravated by service, in line of duty. Your nervous condition is not a disability for which compensation may be paid. Therefore, compensation is not payable.

J.A. 16. The letter included a notation referring to an "appeal paragraph" enclosure. J.A. 16. However, the appeal paragraph itself is not included in the record. Mr. Schmidt did not appeal the RO's denial.

In September 1999, nearly thirty years later, Mr. Schmidt filed a claim for compensation for bipolar depression. J.A. 17–20. The RO denied the claim. Mr. Schmidt filed another claim for compensation in August 2001, this time for PTSD, with major depressive disorder, dysthymic disorder, and panic disorder without agoraphobia. J.A. 22. The RO granted his claim, initially assigning Mr. Schmidt a 50% disability rating effective from April 14, 2001. J.A. 23. The RO later increased his disability rating to 100% effective December 20, 2002. J.A. 31.

Mr. Schmidt continued to contest the effective date for his disability and appealed the RO's decision to the Board. In response, the Board made his disability rating retroactive to September 20, 1999, but denied Mr. Schmidt's request for a March 1970 effective date. J.A. 37–44. After an initial appeal to the Veterans Court and remand, the Board again denied Mr. Schmidt's request for a March 1970 effective date in an opinion dated November 20, 2009. J.A. 52–59.

In the 2009 opinion, the Board observed that the RO sent Mr. Schmidt its rating decision including an "appeals paragraph" regarding his appellate rights on March 31, 1970, and Mr. Schmidt did not appeal that decision. J.A. 56. While Mr. Schmidt claimed that he had not received adequate notice of his right to appeal, the Board reasoned that the mere assertion of non-receipt of notice does not rebut the presumption of regularity. J.A. 56. Relying on this presumption, the Board concluded that the RO had provided Mr. Schmidt with adequate notice of his appellate rights pursuant to 38 C.F.R. § 3.103. J.A. 56. Because Mr. Schmidt had not demonstrated that the March 1970 rating decision contained clear and unmistakable error, the Board found that decision was final, and denied his request for an earlier effective date. J.A. 57.

Mr. Schmidt appealed the Board's opinion to the Veterans Court. In his appeal, Mr. Schmidt initially raised

two arguments that are relevant here: (1) the RO's reasons for denying his 1970 claim were not specific enough and thus violated 38 C.F.R. § 3.103 and the Due Process Clause of the Fifth Amendment; and (2) the Board erred by applying the presumption of regularity to conclude that he received proper notice regarding the time and method to appeal the March 1970 rating decision. However, during oral argument before the Veterans Court, Mr. Schmidt's counsel expressly withdrew the second argument concerning the presumption of regularity and stated he was only pursuing his first argument. Oral Arg. at 1:25-2:40, *Schmidt v. Shinseki*, No. 10-0877 (Vet. App. argued May 10, 2012), *available at* http://www.uscourts.cavc.gov/oral_arguments_audio.php.

The Veterans Court subsequently affirmed the Board's decision. *Schmidt v. Shinseki*, No. 10-0877, 2012 U.S. App. Vet. Claims LEXIS 1301 (June 27, 2012). In response to Mr. Schmidt's first argument, the Veterans Court noted that the alleged vagueness of the 1970 Notice letter was not reasonably raised by the record. *Id.* at *5. The Veterans Court also stated that the law in 1970 did not require a detailed explanation for the decision. *Id.* Finally, the Veterans Court did not consider Mr. Schmidt's second argument except to note that counsel "explicitly withdrew" it. *Id.* at *2.

Mr. Schmidt appeals the Veterans Court's decision. This court has jurisdiction under 38 U.S.C. § 7292.

## II.

This court has sharply circumscribed jurisdiction to review decisions of the Veterans Court. Absent a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Nevertheless, this court may "decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and [] interpret constitu-

tional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Questions of law are reviewed de novo. 38 U.S.C. § 7292(d)(1).

## III.

Mr. Schmidt argues that the Veterans Court erred in two respects. First, he contends that the Veterans Court improperly applied an issue exhaustion requirement to his "vagueness" argument. Second, he alleges that the Veterans Court erroneously applied the presumption of regularity. Neither argument is persuasive.

Regarding issue exhaustion, Mr. Schmidt argues that the imposition of an issue exhaustion requirement by the Veterans Court conflicts with the rule set forth in *Sims v. Apfel*, 530 U.S. 103, 111–12 (2000). In that case, the Supreme Court held, in a plurality opinion, that issue exhaustion in Social Security Administration proceedings is inappropriate because they are inquisitorial and non-adversarial. *Id.* However, this court need not decide the applicability of *Sims* to this proceeding. Even assuming Mr. Schmidt is correct that *Sims* applies, his argument is premised on the Veterans Court actually imposing an issue exhaustion requirement. That premise is incorrect.

Nothing in the Veterans Court's opinion suggests it applied an issue exhaustion requirement. Rather, the Veterans Court considered the record and concluded that it failed to reasonably raise the vagueness issue complained of by Mr. Schmidt. *See Robinson v. Shinseki*, 557 F.3d 1355, 1361 (Fed. Cir. 2009) ("[C]laims which have no support in the record need not be considered by the Board."). The Veterans Court then discussed the requirements for RO notices of denials as of 1970 and concluded that the law at that time did "'not require that the RO's reason for denying the claim be ultimately correct or thoroughly explained, only that it be included in the notice.'" *Schmidt*, 2012 U.S. App. Vet. Claims LEXIS 1301, at *5 (quoting *Fournier v. Shinseki,* 23 Vet. App.

480, 486 (2010)). Here, it is uncontroverted that Mr. Schmidt received a Notice letter stating "Your nervous condition is not a disability for which compensation may be paid." J.A. 16.

The Veterans Court did comment on the failure of Mr. Schmidt's counsel to argue the alleged vagueness of the RO's decision before the Board. But cautioning Mr. Schmidt's counsel against piecemeal litigation is not the same as requiring issue exhaustion. Indeed, the Veterans Court did not base its judgment on counsel's failure to previously raise this argument. It decided the issue on the merits.

Mr. Schmidt's next contention that the Veterans Court erred by affirming the Board's use of the presumption of regularity is similarly misplaced. The Veterans Court did not address Mr. Schmidt's presumption of regularity argument because Mr. Schmidt expressly withdrew it. And contrary to Mr. Schmidt's assertions, the argument he briefed and then withdrew before the Veterans Court is the same as that which he now advances. The following colloquy between Mr. Schmidt's counsel and Judge Kasold demonstrates as much:

> [COUNSEL:] Mr. Schmidt would like to withdraw a portion of his argument relative to the provisions of 3.103 as it existed in 1970 as it relates to the notice of appellate rights and limit his argument only as to the reasons for the decision. In other words, we will not proceed on the basis of lack of notice of appellate rights based on the reference to appellate, excuse me, appeal paragraph as argued in our brief.

> [CHIEF JUDGE Kasold:] So the only issue you are going to discuss is whether or not you were given sufficient information as to the reason it was denied?

[COUNSEL:] That's correct your Honor, and the due process argument.

[CHIEF JUDGE Kasold:] Alright.

[COUNSEL:] Mr. Schmidt relies on the plain language of 38 C.F.R. 3.103 as it existed in 1970 which required the VA's Notice of disallowance of a claim to include three specific things: First the reason for the decision, second the claimant's right to initiate the appeal by filing a notice of disagreement, and third, the time limits which such notice for appeal must be filed.

[CHIEF JUDGE Kasold:] Just to be clear, the second and third you're no longer arguing?

[COUNSEL:] That's correct your Honor.

Oral Arg. at 1:25-2:40, *Schmidt v. Shinseki*, No. 10-0877 (Vet. App. argued May 10, 2012), *available at* http://www.uscourts.cavc.gov/oral_arguments_audio.php.

In view of Mr. Schmidt's express withdrawal of his argument before the Veterans Court, this court does not consider it appropriate to entertain the argument for the first time on appeal. *Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc), *superseded on other grounds by statute*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402, 116 Stat. 2820, 2832; *see also Emenaker v. Peake*, 551 F.3d 1332, 1339 (Fed. Cir. 2008) ("[B]ecause it would be imprudent for us to address the issue without the benefit of its having been properly presented to, and decided by, the Veterans Court, we decline to address the issue in the first instance."); *Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999); 38 U.S.C. § 7261 ("[T]he Court of Appeals for Veterans Claims, to the extent necessary to its decision *and when presented*, shall (1) decide all relevant questions of law . . . .") (emphasis added). In fact, it is highly inappropriate for

counsel to withdraw an issue in the trial court and then reassert it here.

## IV.

For the foregoing reasons, this court concludes that the Veterans Court did not err in affirming the Board's denial of the March 1970 effective date. The Veterans Court's decision is therefore affirmed.