NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**REGINALD D. GAINER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2022-1604

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-6135, Judge Scott Laurer.

_____

Decided:  July 6, 2022

_____

REGINALD D. GAINER, Panama City, FL, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

PER CURIAM.

Reginald D. Gainer sought an increased rating for his service-connected disability. The Board of Veterans' Appeals ("Board") denied the claim, and the Court of Appeals for Veterans Claims ("Veterans Court") affirmed. Mr. Gainer appeals. We affirm.

## BACKGROUND

Mr. Gainer was granted service connection for a thoracolumbar spine disability, rated 40 percent disabling as of August 2006. After Mr. Gainer filed a claim seeking an increased rating in December 2016, he was scheduled for a medical examination in January 2017. And although he failed to appear for his appointment without explanation, he was scheduled for a second examination in April 2019. Mr. Gainer declined it.

The Board subsequently denied Mr. Gainer entitlement to a rating in excess of 40 percent as a matter of law. Specifically, under 38 C.F.R. § 3.655, "a claim for increase . . . shall be denied" when "a claimant fails to report to an examination" without good cause and entitlement to that claim "cannot be established or confirmed without" that examination. 38 C.F.R. § 3.655(a)–(b). Applying this regulation, the Board found that Mr. Gainer failed to establish good cause for both missed examinations and that his entitlement to an increased rating could not be established without one. S. App'x 11.[1]

Mr. Gainer appealed to the Veterans Court, arguing that the Board "failed to support its finding that [he] lacked

---

[1] "S. App'x" refers to the supplemental appendix filed by Appellee. "App'x" refers to the appendix filed by Appellant.

good cause" for missing the January 2017 and April 2019 examinations. App'x 1. The Veterans Court affirmed. It determined that the record adequately supported the Board's factual findings and that the Board had complied with 38 U.S.C. § 7104(d)(1), which requires the Board to "include . . . the reasons or bases for [its] findings and conclusions" of fact and law. *See* App'x 1–3. Mr. Gainer now appeals that decision to this court. We have jurisdiction under 38 U.S.C. § 7292(c).

## DISCUSSION

Our review of Veterans Court decisions is limited. Absent a constitutional issue, we cannot review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). But we may review questions of law, like those of statutory and regulatory interpretation. *See id.* § 7292(d)(1).

Mr. Gainer asserts that the Veterans Court misinterpreted 38 C.F.R. § 3.655(a) and (b) and 38 U.S.C. § 7104(d)(1). Appellant's Informal Br. 1–4. Each alleged misinterpretation appears to stem from the same underlying complaint: that, under 38 C.F.R. § 3.655, Mr. Gainer's missed examinations should have been deemed inconsequential in view of his 1990 hospital records. *Id.* at 4. But because Mr. Gainer did not raise this argument before the Veterans Court, he forfeited it. *Emenaker v. Peake*, 551 F.3d 1332, 1337 (Fed. Cir. 2008).

Even if Mr. Gainer did not forfeit this argument, it fails. Mr. Gainer seems to suggest that his 1990 hospital records should have been considered as part of his claim for an increased rating given 38 C.F.R. § 3.655(b)'s statement that "[w]hen a claimant fails to report for an examination scheduled in conjunction with *an original compensation claim*, the claim shall be rated based on the evidence of record." Appellant's Informal Br. 4 (emphasis added) (quoting 38 C.F.R § 3.655(b)). But Mr. Gainer's claim is not an

original claim; it is a claim for increase. That means the next sentence of § 3.655(b) controls the outcome of Mr. Gainer's claim: "When the examination was scheduled in conjunction with . . . *a claim for increase*, the claim *shall be denied.*" 38 C.F.R § 3.655(b) (emphasis added). And although § 3.655(a) defines examination and reexamination to "include periods of hospital observation when required by the [Department of Veterans Affairs]," that does not mean Mr. Gainer's 1990 hospital records obviated the need for a current examination to evaluate Mr. Grainer's entitlement to a claim for increase filed in 2016. *See* 38 C.F.R. § 3.655(a). Thus, the Veterans Court correctly interpreted § 3.655 by its plain language when affirming the Board's denial of Mr. Gainer's claim.

## CONCLUSION

We have considered Mr. Gainer's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.