NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BYRON R. FISHER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1119

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7609, Judge Joseph L. Falvey Jr.

_____

Decided: April 5, 2023

_____

BYRON FISHER, Peekskill, NY, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, TARANTO, and STARK, *Circuit Judges.*

PER CURIAM.

Byron R. Fisher, a veteran of the U.S. Army, appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court dismissed Fisher's appeal of a decision of the Board of Veterans' Appeals ("Board") that denied Fisher earlier effective dates for his disabilities. Because Fisher's arguments are beyond the limited jurisdiction of our court, we dismiss the appeal.

I

Fisher served in the U.S. Army from July 1999 to February 2002 and from June 2006 to October 2010. In 2010, Fisher filed a pre-discharge benefits claim seeking service connection for, among other things, a skin condition, a left ankle condition, and a swollen left foot. In a decision dated November 23, 2010 ("2010 Decision"), a Department of Veterans Affairs ("VA") regional office ("RO") denied service connection for the skin condition and the left ankle condition and granted service connection for left foot pes planus with a 0 percent rating, effective October 20, 2010.[1] Fisher did not appeal this decision and it became final.

On March 3, 2021, Fisher filed a disability claim for venous insufficiency, a left ankle condition, a left foot condition, and eczema in both hands. Later that month, on March 23, 2021, Fisher filed a supplemental claim seeking benefits for edema in his left foot and ankle, eczema, and pes planus. In April 2021, the RO increased the disability rating for Fisher's pes planus to 20 percent, effective March 3, 2021, and granted service connection for venous

————————————

[1] A medical examiner diagnosed Fisher's swollen left foot as pes planus.

insufficiency (claimed as edema in the left foot and ankle), assigning a 10 percent disability rating effective March 23, 2021. Shortly after, in May 2021, the RO granted service connection for dermatitis (claimed as eczema) with a 60% disability rating effective March 23, 2021. Fisher filed a notice of disagreement with the rating decisions of April 2021 and May 2021, seeking earlier effective dates for his left foot pes planus, venous insufficiency, and skin condition.

In October 2021, the Board issued two decisions. The Board found that Fisher first claimed his dermatitis (also claimed as a skin condition and eczema) and venous insufficiency (also claimed as edema in the left foot and ankle)[2] on March 3, 2021, so this was the earliest proper effective date for those disabilities. The Board observed that, while Fisher had also claimed these disabilities before leaving active duty in October 2010, the RO had denied service connection for those conditions in the 2010 Decision, which became final when Fisher did not appeal it. Therefore, Fisher's 2010 claim could not serve as a basis for an earlier effective date. As for the left foot pes planus, the Board found Fisher failed to allege that the 2010 Decision contained a clear and unmistakable error ("CUE"), as would be required to obtain revision or reversal of a final decision. Accordingly, the Board dismissed this portion of the appeal.

Fisher appealed the Board's decisions to the Veterans Court. In August 2022, the Veterans Court agreed with the Board that "the only way for Fisher to seek earlier dates for his disabilities based on his 2010 claim would be to allege that the final November 2010 decision contained

---

[2]    The Board also construed Fisher's March 3, 2021 claim for a left ankle condition as a claim for venous insufficiency.

CUE." S.A. 4.[3] Fisher, however, failed to raise the CUE issue before the Board, and he could not raise it for the first time at the Veterans Court. Thus, the Veterans Court dismissed Fisher's appeal.

## II

We have exclusive, but limited, jurisdiction to review decisions of the Veterans Court. *See* 38 U.S.C. § 7292(c); *Sullivan v. McDonald*, 815 F.3d 786, 788-89 (Fed. Cir. 2016). "We may review legal questions, including the validity of any statute or regulation or any interpretation thereof." *Sullivan*, 815 F.3d at 788-89. Such legal determinations are reviewed *de novo*. *See Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009). We may not, however, review (1) "a challenge to a factual determination" or (2) "a challenge to a law or regulation as applied to the facts of a particular case," unless the challenge presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

Fisher's appeal does not present any issue within the scope of our jurisdiction. Fisher first challenges the 2010 Decision's finding that he did not have chronic swelling in his left foot and ankle. *See* Appellant's Br. at 1. This argument presents an issue of fact which we lack jurisdiction to review. In the 2010 Decision, the RO explicitly discussed the medical records from September 2009 and March 2008 documenting the swelling of Fisher's left foot and ankle, *see* S.A. 51, 53, and we lack jurisdiction to review the weight given to them, *see Goodman v. Shulkin*, 870 F.3d 1383, 1386 (Fed. Cir. 2017).

Second, Fisher argues his 2010 medical examination involved CUE because the RO "stat[ed] that [Fisher's] skin was healthy based solely on a summer examination, despite acknowledging that the Appellant's eczema started

---

[3]    "S.A." refers to the Supplemental Appendix filed with the Secretary's brief.

during the winter." Appellant's Br. at 2. This contention, too, presents an issue of fact which we lack jurisdiction to review. *See Prinkey v. Shinseki*, 735 F.3d 1375, 1382-83 (Fed. Cir. 2013).

Finally, Fisher argues that VA violated 18 U.S.C. §§ 1001 and 1519 because a medical examiner allegedly submitted false documents to the VA. *See* Appellant's Br. at 1; Reply Br. at 1. Fisher identifies no express or implied reliance by the Veterans Court on a misinterpretation of these provisions in its decision. Further, Fisher did not adequately present this argument to the Veterans Court. *See Carbino v. West*, 168 F.3d 32, 35 (Fed. Cir. 1999) ("[T]he Court of Veterans Appeals properly declined to consider . . . untimely contentions" "raised for the first time in a reply brief."). It is, therefore, forfeited. *See Emenaker v. Peake*, 551 F.3d 1332, 1337 (Fed. Cir. 2008) ("[W]ith limited exceptions, appellate courts do not consider issues that were not raised in the tribunal from which the appeal is taken, and we have held that those general principles of appellate practice apply in the context of appeals from the Veterans Court.").

## III

We have considered Fisher's remaining arguments and find them unpersuasive. For the reasons given, we dismiss Fisher's appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.