NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGELA GOLDMAN SELBY,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-1066

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5763, Judge Joseph L. Falvey, Jr.

---

Decided: May 7, 2024

---

ANGELA G. SELBY, Carthage, TX, pro se.

NATALEE A. ALLENBAUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before LOURIE, PROST, and STARK, *Circuit Judges*.

PER CURIAM.

Angela Goldman Selby appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans' Appeals ("Board") decision denying her an increased share of her late father's accrued Department of Veterans Affairs ("VA") disability benefits under the provisions of 38 C.F.R. § 3.816. *See Selby v. McDonough*, No. 22-5763, 2023 WL 5746882 (Vet. App. Sept. 6, 2023) ("*Decision*"). We *affirm*.

## BACKGROUND

Selby is the adult daughter of Navy veteran James D. Goldman, who served honorably from June 1965 to August 1969. *Decision* at *1; Resp. Br. at 2. In June 2020, Goldman died of kidney failure secondary to bladder cancer. Resp. Br. at 2–3. Goldman is survived by Selby, as well as three other adult children. R.A.[1] 26.

In 2021, Congress added bladder cancer to the list of conditions presumptively associated with exposure to herbicide agents. *See* 38 U.S.C. § 1116(a)(2)(J). In June 2022, a VA regional office ("RO") issued a decision awarding Goldman service connection under the *Nehmer* consent decree for the purpose of retroactive benefits for bladder cancer associated with herbicide exposure. R.A. 9–20; *see also Nehmer v. U.S. Veterans Admin.*, 32 F. Supp. 2d 1175, 1177 (N.D. Cal. 1999) (describing the consent decree). The RO granted service connection with a 100 percent evaluation effective from November 29, 2006 to April 30, 2007, as well as a 100 percent evaluation from January 8, 2008 until his death in 2020. R.A. 21–24. The VA notified Selby that her father was entitled to retroactive benefits of $276,505.02

---

[1]    "R.A." refers to the appendix filed with Respondent's Brief.

and that she and her three siblings would each receive a one-fourth share of $69,125.25. *Id.*

Selby submitted a timely Notice of Disagreement, alleging that she had been her father's only caregiver and that, based on her father's will, the retroactive benefits should not be divided equally, but instead, paid "mostly, if not all," to her. R.A. 25.

In a September 21, 2022 decision, the Board denied Selby entitlement to an increased share of accrued benefits. R.A. 26–31. As explained by the Board, the "provisions of 38 C.F.R. § 3.816 set forth the class members who may be considered for awards under the *Nehmer* court orders and govern the payment of benefits to survivors or estates of deceased beneficiaries." *Id.* at 28. That regulation sets forth a sequential order in which retroactive benefits are to be paid out upon the death of the veteran entitled to such benefits. First, the veteran's spouse, and next, "the class member's child(ren) regardless of age or marital status (i.e., natural and adopted children and any stepchildren who were members of the class member's household at the time of his death)." *Id.* at 29; *see* 38 C.F.R. § 3.816(f)(i)–(ii).

The Board identified that Goldman had three biological children and one adopted child. R.A. 29. The Board further noted that 38 C.F.R. § 3.816(f)(1)(ii) holds that "if more than one child exists, payment will be made in equal shares [to each child]." R.A. 29 (alteration in original). The Board concluded that the law does not allow the VA to restrict payment of retroactive accrued *Nehmer* benefits only to certain children "regardless of [a] will or the caretaking responsibilities the respective children undertook." *Id.* at 30.

The Veterans Court affirmed that decision. Selby appealed.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is governed by 38 U.S.C. § 7292. We review legal determinations, including questions of statutory and regulatory interpretation, *de novo*. *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002). Absent a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

The core issue in Selby's appeal is whether or not the Veterans Court erred in affirming the Board's decision that accrued benefits had to be equally split between Goldman's four children. *Decision* at *1. To the extent that Selby argues that an error arose due to a misinterpretation of 38 C.F.R. § 3.816, we have jurisdiction to decide the issue under 38 U.S.C. § 7292(a). However, Selby has not alleged any specific error on the part of the Veterans Court in interpreting that regulation, and we do not see an error in its analysis.

As the Veterans Court correctly recognized, "a valid regulation governs the distribution of accrued benefits," and "under this regulation, VA was required to distribute benefits to surviving children without regard to what state law or a will had to say about the matter." *Decision* at *1–2 (citing *Morris v. Shinseki*, 26 Vet. App. 494, 508–09 (2014) (holding that when a federal statute or regulation expressly covers the distribution of VA benefits, it displaces the state law governing the division of property)). Federal law thus required the VA to distribute the funds to Goldman's four children in equal shares under 38 C.F.R. § 3.816(f) and the VA complied with that law.

Selby also appears to argue that, because she requested to be substituted as claimant upon her father's death and was the sole beneficiary of his will, the VA should have treated her as if she was her father's only child for the purposes of § 3.816. *See* Appellant's Inf. Br. at 1.

But we lack jurisdiction to review such a claim contesting the law as applied to the particular facts of Selby's case. *See* 38 U.S.C. § 7292(d)(2).

Relatedly, Selby argues that she should be substituted into her father's case, stating that "38 C.F.R. § 3.816 was amended by Congress in 2008 to allow substitution in any case where a veteran dies on or after the Modernization Act of 2008 was passed into law." Appellant's Inf. Br. at 1. She further contends that she "meet[s] all requirements to be considered as a substitution," noting that she filed VA Form 21P-0847, which is the form used for substitution of a claimant upon death of the original claimant, wherein that death occurs before the VA finishes processing a VA claim, decision review, or appeal. *Id.*

But Selby does not appear to have raised an argument regarding substitution before the Veterans Court and we therefore do not have a decision as to substitution to review on appeal. We thus decline to consider such an argument under *Boggs v. West*, 188 F.3d 1335, 1337–38 (Fed. Cir. 1999). But even if Selby were to be substituted into the case, such substitution would not displace the distributions set forth in § 3.816. Substitution grants an eligible accrued-benefits claimant only the opportunity to "process[] the claim to completion" in the deceased veteran's stead. 35 U.S.C. § 5121A(a)(1). It does not affect the way in which accrued benefits are to be distributed once a decision as to those benefits has been reached.

Selby further seems to argue that the RO erred in finding a period of time, specifically, May 1, 2007 to January 7, 2008, non-compensable. Appellant's Inf. Br. at 2. In particular, Selby contends that during that time, Goldman underwent multiple medical procedures relating to his bladder cancer and should have been compensated for that time frame. *Id.* However, Selby does not appear to have adequately raised that argument below, which puts it outside the scope of what is ordinarily appealable under

38 U.S.C. § 7292(a).  *See also Emenaker v. Peake*, 551 F.3d 1332, 1337 (Fed. Cir. 2008) ("[A]ppellate courts do not consider issues that were not raised in the tribunal from which the appeal is taken").  We see no reason to diverge from that ordinary practice here.

## CONCLUSION

We have considered Selby's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.