NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM SHARKOZY,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7146

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-4100, Judge Ronald M. Holdaway.

---

Decided: May 10, 2013

---

WILLIAM SHARKOZY, of Payson, Arizona, pro se.

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel

on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and JOSHUA P. MAYER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Claimant-Appellant William Sharkozy appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a October 29, 2010 decision of the Board of Veterans' Appeals ("Board"). *Sharkozy v. Shinseki*, No. 10-4100, 2012 WL 1081777 (Vet. App. Apr. 3, 2012) ("Veterans Court decision"). The Veterans Court affirmed the Board's decision that there was no new and material evidence that warranted reopening Mr. Sharkozy's claims for entitlement to service connection for a back disability and a left rib disability. We dismiss for lack of jurisdiction.

BACKGROUND

Mr. Sharkozy served on active duty from September 1979 to September 1982. In September 1984, he filed a claim for entitlement to service connection for a broken left rib. The VA Regional Office ("RO") denied entitlement to service connection. Mr. Sharkozy did not appeal that decision.

In June 1997, Mr. Sharkozy filed a claim for entitlement to service connection for a back disability and subsequently submitted a statement asserting he injured his rib and back in August 1980. The RO issued a decision denying that claim, which Mr. Sharkozy successfully appealed; the Board remanded the claim for further development in a January 2002 decision. After further development of the claim the Board again denied service connection for residuals of a fracture of the left rib and a

back disability.  Mr. Sharkozy did not appeal that decision.

In August 2005, Mr. Sharkozy requested his claims for service connection be reopened.  The RO issued a decision reopening the claims but denied them on the merits. On appeal the Board found that there was no new and material evidence to warrant reopening Mr. Sharkozy's claims for service connection for a back and left rib disability.  The Veterans Court affirmed the Board's decision.  Mr. Sharkozy filed an appeal to this court.

## DISCUSSION

This court's jurisdiction to review a decision of the Veterans Court is limited.  We review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a).  This court may not, unless a constitutional challenge is presented, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Sharkozy argues that the Veterans Court failed to take all of his VA and service medical records into consideration and asserts that he was wrongly denied the use of a power scooter/chair.  Mr. Sharkozy further disputes the appropriateness of single-judge summary disposition by the Veterans Court.  In particular, Mr. Sharkozy disagrees that his appeal involved "relative simplicity" and that its "outcome [was] not debatable," which are preliminary findings relevant to single-judge summary disposition of an appeal to the Veterans Court.  These arguments will be addressed in turn.

First, Mr. Sharkozy challenges factual determinations of the Veterans Court which are beyond this court's jurisdiction. *See Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004). Specifically, Mr. Sharkozy argues that he was denied his right to a fair trial because the Veterans Court did not consider his new and material evidence. Mr. Sharkozy's claim does not raise a constitutional issue that would otherwise confer jurisdiction upon this court. To the extent that Mr. Sharkozy's argument could be construed to mean he was deprived of due process his argument gains no more traction. Mr. Sharkozy was provided an opportunity to present new and material evidence, and according to the Veterans Court, he submitted all of his VA and service medical records. The Veterans Court held that he had failed to carry his burden of persuasion because he "fail[ed] to provide specific citation to any evidence of record that he considered to be new and material." Veterans Court decision at *2. Accordingly, Mr. Sharkozy was not deprived due process, but rather failed to prove that his claims should be reopened upon the basis of new and material evidence. This court lacks jurisdiction over such factual determinations.

Mr. Sharkozy asserts that the Veterans Court erred by failing to consider a letter written by his physician, dated February 2, 2011, that he incorporated with his reply brief in support of his Veterans Court appeal. The Veterans Court did not consider this letter because it was not part of the record before the Board. Veterans Court decision at *3. The Veterans Court's jurisdiction is limited to review of the record that was developed before the RO and the Board, and therefore it is precluded from consideration of extra-record evidence. 38 U.S.C. § 7252(a), (b); *see also Henderson v. Shinseki*, 589 F.3d 1201, 1212 (Fed. Cir. 2009) *rev'd and remanded on other grounds sub nom Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197 (2011) ("[T]he Veterans Court reviews each case that comes before it on a record that is limited

to the record developed before the RO and the Board."). Because this determination does not include an interpretation of a statute or regulation, we lack jurisdiction to review Mr. Sharkozy's contention.

Second, Mr. Sharkozy contends that the Veterans Court erred because it wrongly held that he had abandoned the issue of the Board's denial of eligibility for a powered mobility device. Mr. Sharkozy did not raise this argument in his opening brief upon appeal to the Veterans Court. Veterans Court decision at *1. Mr. Sharkozy argues that "there was [n]o specific [q]uestions to answer on this Informal Brief" about the mobility device, and that the argument was properly raised in his response brief. Appellant's Inf. Br. at 1; App'x at 7. "[T]he Veterans Court is not required to consider an appellant's argument that is made for the first time in a reply brief in that court." *Emanaker v. Peake*, 551 F.3d 1332, 1339 (Fed. Cir. 2008). Finding a waiver in an appellant's failure to raise an argument in its opening brief is not an issue that falls within this court's jurisdiction. *See Andre v. Principi*, 301 F.3d 1354, 1363 (Fed. Cir. 2002).

Finally, Mr. Sharkozy argues that the Veterans Court erred in finding that his appeal involved issues of "relative simplicity" and that its "outcome [was] not debatable," which are preliminary findings to determine if a matter is fit for single-judge summary disposition. Appellant's Inf. Br. at 1. Mr. Sharkozy does not challenge the Veterans Court's criteria for single-judge determinations as set forth in *Frankel v. Derwinski*, 1 Vet. App. 23, 25-26 (1990), but argues that his case does not satisfy those criteria. Because Mr. Sharkozy raises factual challenges—that is, the "relative simplicity" of his case and whether the outcome is "debatable"—these issue are not within this court's appellate jurisdiction. *Arnesen v. Prinicipi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002).

CONCLUSION

Having considered Mr. Sharkozy's arguments, the issues presented do not fall within this court's jurisdiction to review.

## DISMISSED

COSTS

No costs.