NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MIKE R. LEVARIO,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-1358

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-9109, Judge Michael P. Allen.

_____

Decided:  October 12, 2021

_____

MIKE R. LEVARIO, San Antonio, TX, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, ROBERT EDWARD KIRSCHMAN, JR.; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before TARANTO, CLEVENGER, and CHEN, *Circuit Judges*.

PER CURIAM.

Many years after completing his service in the Marine Corps, Mike R. Levario sought benefits from the Department of Veterans Affairs (VA) for residual effects of a cervical spine surgery conducted at a VA facility, as well as for a vocal cord condition and a throat condition. The relevant VA regional office (RO) and then the Board of Veterans' Appeals denied the requested benefits, both under 38 U.S.C. § 1110 (service-connected disability based on wartime service) and under 38 U.S.C. § 1151 (compensation for disability from VA medical treatment). When Mr. Levario appealed the Board's decision to the Court of Appeals for Veterans Claims (Veterans Court), that court dismissed the appeal as to Mr. Levario's § 1110 claims and affirmed the Board's denial as to his § 1151 claims. *Levario v. Wilkie*, No. 19-9109, 2020 WL 5200655 (Vet. App. Aug. 31, 2020); Supplemental Appendix (SAppx.) 1–9. Mr. Levario now appeals to us. We must dismiss the appeal, because we lack jurisdiction to decide the issues he raises.

I

We recite the background facts based on the factual findings and premises set forth by the Board and the Veterans Court, which (as noted *infra*) we lack jurisdiction to question in this case. Mr. Levario served in the Marine Corps from October 1971 to August 1974, a period of war. In May 2007, he sought treatment at a VA medical center for a cervical spine condition and underwent surgery at a VA facility. In 2011, Mr. Levario filed a claim for disability benefits, under 38 U.S.C. § 1110, for residuals from his cervical spine surgery, a vocal cord condition, and a throat condition, which he alleged were service connected.

In June 2013, the relevant RO denied those claims, stating that there was no evidence that the cervical spine

surgery, vocal cord condition, and throat condition were connected to his military service. SAppx. 38–39. Mr. Levario appealed to the Board. In a January 2019 decision, the Board found that Mr. Levario's claims were more appropriately characterized as claims for compensation under 38 U.S.C. § 1151, which allows a veteran disabled because of VA medical treatment to receive compensation for a qualifying disability in specified circumstances in the same manner as if the disability were service connected. SAppx. 34. Accordingly, without reviewing the denial of the § 1110 claims, the Board remanded to the RO with instructions to also "develop and adjudicate" Mr. Levario's claims under § 1151. SAppx. 35.

On remand, the RO obtained additional medical records and arranged for and received a VA medical opinion concerning Mr. Levario's § 1151 claims. In August 2019, the RO denied Mr. Levario's claims, finding that the claims did not meet the requirements for compensation under § 1151 and its implementing regulation, 38 C.F.R. § 3.361. Specifically, the RO found that the throat condition was related to extrinsic compression of the esophagus, not to the spine surgery. SAppx. 29. The RO also found that, while there was evidence of a nerve injury that resulted in a transient vocal cord condition following surgery, that condition had resolved, and, more generally, there was no evidence that it had resulted from carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA and no evidence that it was not reasonably foreseeable. SAppx. 28–29. The RO further noted the absence in this case of any other "residuals of spinal cord surgery." SAppx. 28. Mr. Levario appealed the RO's decision to the Board, which in December 2019 affirmed both the August 2019 RO decision concerning the § 1151 claims and the June 2013 RO decision concerning the § 1110 claims. SAppx. 13–23.

Mr. Levario then appealed the Board's decision to the Veterans Court, which issued a single-judge decision on

August 31, 2020. The court dismissed the appeal concerning the § 1110 claims, finding Mr. Levario's arguments too undeveloped to address. *Levario*, 2020 WL 5200655, at *2. The court affirmed the Board's rejection of the § 1151 claims, rejecting Mr. Levario's arguments that the Board failed to ensure compliance with its January 2019 remand, improperly relied on the VA medical opinion, and did not sufficiently explain its decision. *Id.* at *2–4. On September 29, 2020, a three-judge panel of the Veterans Court adopted the one-judge decision as the decision of the Veterans Court. SAppx. 1–2. Mr. Levario timely appealed.

## II

This court's jurisdiction to review decisions of the Veterans Court, defined by 38 U.S.C. § 7292, is limited. We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2). Under those standards, Mr. Levario has not presented an issue that is within our jurisdiction.

Mr. Levario has not shown that the Veterans Court expressly or implicitly interpreted or ruled on the validity or interpretation of a statute or regulation or other rule of law. He questions many aspects of the Veterans Court's decision. App. Inf. Br. at 4–7 (questioning the Veteran Court's dismissal of the § 1110 claims);[1] *id.* at 1–2, 9–10

---

[1]    It is unclear whether Mr. Levario contends that the Veterans Court was incorrect to conclude that he had not adequately presented arguments concerning the Board's adjudication of his § 1110 claims or, instead, was incorrect

(questioning the determination that the Board complied with the 2019 remand order, sufficiently explained its reasoning, and permissibly relied on an adequate medical opinion); *see also* App. Inf. Reply Br. at 1–3 (elaborating on compliance with remand arguments); *id.* at 3–5 (questioning the Veteran Court's understanding of § 1151 and of 38 C.F.R. § 3.102). Although he asserts that Veterans Court's conclusions were "based on an incorrect understanding of the governing law," App. Inf. Br. at 6, we see nothing beyond challenges to the Veterans Court's application of governing legal standards to the facts of this case (or challenges to Board findings of fact)—challenges that are outside our jurisdiction where no constitutional issue is meaningfully presented.

The Veterans Court applied the proper legal standard concerning the threshold for sufficiently developed arguments and determined that any appeal concerning § 1110 claims for benefits for service-connected disabilities—to the extent Mr. Levario even raised such arguments—should be dismissed. *Levario*, 2020 WL 5200655, at *2. The Veterans Court also applied proper legal standards in affirming the Board's § 1151 decision—concerning review of Board determinations of the adequacy of medical opinions, the right to compliance with a remand order, and the requirement that the Board provide adequate reasoning. *Id.* at *2–4. These types of determinations are either a "factual determination" under § 7292(d)(2)(A) or the application of law to "the facts of a particular case" under § 7292(d)(2)(B) and thus not within this court's appellate jurisdiction in the absence of a constitutional challenge. *See, e.g.*, *Dyment v. Principi*, 287 F.3d 1377, 1381 (Fed. Cir.

---

to address the § 1110 claims at all (since he had not included such claims in his notice of appeal to the Veterans Court). This distinction does not affect our determination that we lack jurisdiction.

2002); *Rascoe v. Wilkie*, 842 F. App'x 568, 570–71 (Fed. Cir. 2021); *Smith v. McDonough*, 856 F. App'x 297, 298–99 (Fed Cir. 2021); *Sharkozy v. Shinseki*, 524 F. App'x 694, 697 (Fed. Cir. 2013).

Mr. Levario has not stated a constitutional challenge. Citing *Conroy v. Aniskoff*, 507 U.S. 511, 514 (1993), Mr. Levario argues that the Veterans Court "[failed] to provide an accurate and complete written definition of 38 USC section 1151 pursuant to . . . 38 CFR section 3.361." App. Inf. Br. at 2, 8–9; *see also* App. Inf. Reply Br. at 3. He also repeats his arguments concerning alleged non-compliance with the Board's 2019 remand order, App. Inf. Br. at 9; App. Inf. Suppl. Br. at 4–6; contends that the Board failed to consider all theories of entitlement, App. Inf. Br. at 9, 11; and argues that the Veterans Court intentionally ignored relevant questions of law, improperly relied on his lack of legal knowledge, and disregarded his constitutional and statutory rights to "fair and equal due process," *id.* at 2, 11. But these bare invocations of constitutional labels do not give rise to a recognizable constitutional violation, and this is not a case where a constitutional claim is apparent in the absence of explanation. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding there is no § 7292 jurisdiction based on bare invocation of constitutional label). Accordingly, we must dismiss for lack of jurisdiction.

## III

For the foregoing reasons, Mr. Levario's appeal is dismissed.

The parties shall bear their own costs.

**DISMISSED**